In re KAUFMAN.

(Circuit Court of Appeals, Second Circuit.   January 11, 1910.)

No. 25.

BANKRUPTCY (§ 96*)—INVOLUNTARY PROCEEDINGS—AMENDMENT TO INCLUDE PARTNERSHIP.
   Involuntary proceedings in bankruptcy against an individual cannot be changed, during their pendency and after testimony has been taken, by a mere order amending the title, so as to embrace also a proceeding against a partnership of which the original defendant is one member.
   [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 96.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition to Review Order of the District Court of the United States for the Southern District of New York.

In the matter of Isaac Kaufman, bankrupt. On petition by Lena Kaufman to revise an order which amended the title of the proceeding so as to read "In the Matter of Isaac Kaufman, Individually, and Isaac Kaufman, a Copartnership Consisting of Isaac Kaufman and Lena Kaufman, Bankrupts." It also adjudged that "Lena Kaufman, the wife of Isaac Kaufman, is a copartner in the copartnership Isaac Kaufman." Reversed.

Wolf & Kohn and Sol. Kohn (Charles L. Grad, of counsel), for petitioner.

Cohen, Creevey & Richter (Julius H. Cohen and Ralph W. Gwinn, of counsel), for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. Counsel for Lena Kaufman contends that the record does not sustain the finding that she was a partner with her husband; but it is not necessary to go into that branch of the case. For the purposes of this appeal it may be assumed that for some time prior to the filing of the petition in bankruptcy there was a firm in the district doing business under the name of Isaac Kaufman, the partners in which were Isaac Kaufman and Lena Kaufman. The existence of the firm, however, was not known, or even suspected, and in consequence the proceeding was instituted, not against any partnership, but against Isaac Kaufman individually.

The difficulty with the order is that, after proceedings against the individual had progressed for a considerable time, much testimony having been taken, it undertakes to establish the pendency pari passi of another proceeding against the firm, which was never begun by filing any petition against it, and to put that second proceeding in the same condition as the first. In our opinion this cannot be done by a mere order. Such a procedure would deprive the firm and the partner now sought to be brought in of the opportunity which the statute gives them to controvert the facts alleged in the petition, and to have, if they so desire, a trial by jury on the question of insolvency and any act of bankruptcy alleged to have been committed. Act July 1, 1898, c. 541, §§ 18d, 19a, 30 Stat. 551 (U. S. Comp. St. 1901, p. 3429).

This case is to be distinguished from those cited on the brief, where the original proceeding was against a firm, and, upon the discovery of a partner not originally named or known, he was brought in as one of the members of the firm.

The order is reversed.