In the Matter of HOTEL MARTIN COMPANY OF UTICA, Debtor.

First Citizens Bank & Trust Company of Utica, Appellant.

No. 209.

Circuit Court of Appeals, Second Circuit.

Feb. 10, 1938.

Arthur L. Evans, of Utica, N. Y., for appellant.

Edward L. O'Donnell, of Utica, N. Y., for appellee.

August Merrill, of Utica, N. Y., for trustees.

Before MANTON, AUGUSTUS N. HAND, and SWAN, Circuit Judges.

PER CURIAM.

Order reversed in open court.

In re HOTEL MARTIN CO. OF UTICA.

FIRST CITIZENS BANK & TRUST CO. OF UTICA v. MARTIN et al.

No. 209.

Circuit Court of Appeals, Second Circuit.

Feb. 11, 1938.

Miller, Hubbell & Evans, of Utica, N. Y. (Arthur L. Evans, of Utica, N. Y., of counsel), for appellant.

Maurice Supiro, of Utica, N. Y., for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The Hotel Martin Company of Utica is in reorganization proceedings, pursuant to section 77B, Bankr.Act, 11 U.S.C.A. § 207, and still under the jurisdiction of the court. Mr. Martin, its president, was appointed trustee for the debtor. Neither he nor his property became subject to the jurisdiction of the court. He borrowed moneys from the appellant and gave second mortgage bonds of the debtor as collateral. A judgment has been recovered against Mr. Martin in the New York state court, and the appellant has been restrained by the court below from selling the bonds in satisfaction of the judgment.

The court was without jurisdiction or power to grant the injunction of restraint.

The debtor relies on Continental Illinois Nat. Bank & Trust Co. v. Chicago, Rock Island & Pac. Ry. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110, in support of the order, but there the property restrained from sale was the property of the debtor and the principle of that case is inapplicable. No sufficient reason is advanced why the sale or disposition of the appellee's bonds would in any wise interfere or affect the reorganization of the debtor as proposed.

Order reversed.