### In re BRUNSON & BUNCH et al.
#### No. 45310.

United States District Court
S. D. California
Central Division.
Sept. 14, 1948.

834

Glenn A. Lane and H. H. Slate, both of Los Angeles, Cal., for petitioning creditors.

Sylvan Y. Allen, J. D. Willard, and Ernest R. Utley, all of Los Angeles, Cal., for respondent Hamilton.

Wyman G. Reynolds, of Los Angeles, Cal., for partnership Brunson & Bunch.

YANKWICH, District Judge.

The above-entitled cause heretofore tried, argued and submitted, and the various mo-

tions filed therein, heretofore argued and submitted, are now decided as follows:

I. On the merits, judgment will be for the respondent Wilbert C. Hamilton, that the petitioners take nothing by their involuntary petition in bankruptcy against him, either as a member of the partnership of Brunson & Bunch, or individually, and that said involuntary petition in bankruptcy be, and the same is, hereby dismissed as to the said Wilbert C. Hamilton, both as a member of the partnership of Brunson & Bunch and individually.

II. The motion of the respondent Wilbert C. Hamilton to dismiss the proceedings, filed on March 24, 1948, and the companion motion to dismiss the first amended petition as to him are, and each of them is, hereby granted.

III. The other motions on which rulings have been reserved, for judgment on the pleadings, for summary judgment and to strike answers to interrogatories are, and each of them is, hereby denied.

IV. The proceedings as to the partnership, Brunson & Bunch, and the admitted partners, Willard E. Brunson and Deon Bunch, under the Order of Adjudication dated November 13, 1947, are returned to the Honorable Hugh L. Dickson, Referee in Bankruptcy, for further administration.

Comment

The petition here was filed jointly against the partnership of Brunson & Bunch, of which it was alleged that the respondent Wilbert C. Hamilton was a member, and against him individually. On default, the partnership was adjudicated a bankrupt on November 13, 1947. The respondent appeared and denied membership in the partnership and insolvency. To succeed, the petitioners had the burden of showing that the defendant was a general partner. 11 U.S.C.A. § 23. This they have failed to do.

The Bankruptcy Act of 1938 does not define the word "partnership." So we must fall back for its meaning on the general law of partnership and the state law of California. Whichever criterion we apply to the evidence, it is insufficient to establish a partnership. For the relationship

here was not that of persons associated "to carry on * * * a business for profit." California Civil Code, Sec. 2400. The dealings were governed by agreements entered into by the respondent and the partnership whereby, in consideration of the respondent's furnishing money belonging to his clients or to trusts over which he had control, a definite percentage of the profits was promised. Each transaction was the subject of a special agreement. No other representations were made by the respondent to any of the clients. Nor was any obligation assumed by him for the successful culmination of the investment or the payment of the profits guaranteed. The clients knew that the profits to be derived from the enterprise were to be divided, so as to allow the respondent a profit for acting as the intermediary between them and the partnership. The accounts of the clients were kept in the books of the partnership, and the profits which the respondent received—10 per cent—were separate and distinct from the profits of the partnership. They were so entered upon whatever books he kept. No control was exercised by him over the conduct of the affairs of the partnership. All that the respondent had was the promise of a certain percentage of the profits, the amount of which depended on whether the money invested belonged to a trust in which he had an interest, or belonged entirely to clients. So the relationship between the respondent and the partnership has none of the indicia of a partnership. At most, we have a series of separate dealings of the joint venture type. Nor does the record show acts of estoppel which would warrant the court in declaring the respondent to be a general partner. See, Collier on Bankruptcy, 14th Ed., Vol. 1, Sec. 5.02; California Civil Code, Secs. 2400, 2401, 2410; Lott v. Young, 9 Cir., 1901, 109 F. 798; Petition of Williams, 1 Cir., 1924, 297 F. 696; Kloke v. Pongratz, 1940, 38 Cal.App.2d 395, 401–404, 101 P. 2d 522.

The conclusion reached makes it unnecessary to determine whether the respondent, individually, is insolvent. However, it should be added that, in this respect also, the evidence fails to show insolvency as

defined by the Bankruptcy Act of 1938. 11 U.S.C.A. § 1(19).

Hence the ruling above made.

Counsel for the respondent will prepare findings and decree in conformity with the views here expressed, under Local Rule 7.