## STATE OF NEW YORK v. FEINBERG.
### No. 194, Docket 22595.

United States Court of Appeals
Second Circuit.

Argued April 8, 1953.

Decided May 11, 1953.

Samuel Stern, Asst. Atty. Gen. of New York (Nathaniel L. Goldstein, Atty. Gen. of New York, Wendell P. Brown, Sol. Gen., Albany, N. Y., and Francis R. Curran, Asst. Atty. Gen. of New York, on the brief), for appellant.

Ambrose Doskow, New York City (Rosenman, Goldmark, Colin & Kaye, New York City, on the brief), for appellee.

Before SWAN, Chief Judge, and CHASE and CLARK, Circuit Judges.

CLARK, Circuit Judge.

In City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710, the Supreme Court held that taxes did not continue to bear interest after bankruptcy of the taxpayer; and in United States v. Edens, 342 U.S. 912, 72 S.Ct. 357, 96 L.Ed. 682, it held the same principle applicable in reorganization proceedings in affirming Per Curiam, 4 Cir., 189 F.2d 876. The present case concerns the reorganization of Huyler's, which went into reorganization upon the filing of a petition on April 25, 1952. The claim of the State of New York for unemployment taxes, including interest at the rate of ¾ of 1% per month (9% per year) up to the date of the petition, was allowed in the total sum of $41,184.77. On October 1, 1952, the district court approved the trustee's plan of reorganization which provided for the issuance to tax claimants of subordinated debenture bonds bearing interest at the rate of 6%. See D.C.S.D.N.Y., 107 F.Supp. 318, 323, 324. The State of New York does not object to the failure to pay interest during reorganization proceedings, but does assert that under the "absolute priority rule" of Northern Pac. R. Co. v. Boyd, 228 U.S. 482, 33 S.Ct. 554, 57 L.Ed. 931, the bonds when issued must bear interest at the statutory rate totaling 9% per annum. See N.Y. Labor Law, McK.Consol.Laws, c. 31, § 570, subd. 4; see also § 574 providing in the event of bankruptcy or reorganization for such priority for the amount of taxes due, "together with any interest and penalties thereon," as "is provided in such act," i. e., "the federal bankruptcy act."

In view of the now settled rule that even governmental claims bear no

interest during bankruptcy or reorganization this contention seems to us of doubtful logic. Under the Boyd case existing priorities must be recognized up to the bar date of initiation of the proceedings; but thereafter they stand as then established and are fully discharged upon consummation of the final plan of reorganization. Bankruptcy Act § 228, 11 U.S.C. § 628. In view of the "practical necessity" of some bar date, see Note, Allowance of Interest During Reorganization Proceedings, 50 Yale L.J. 144, 150; 6 Collier on Bankruptcy 2817, 14th Ed.1947, it would seem anomalous that sometime later there might be a revivification of priorities once terminated. At any rate we conceive that the Supreme Court has quite thoroughly settled the matter in the cases cited. Not only is the analogy of the two decisions to this case direct; in addition the language used and the rationale employed were far-reaching. Thus Mr. Justice Jackson, writing for the Court, holds it "a sound and logical interpretation" of the Chandler Act after the amendments to §§ 64, sub. a, and 57, sub. n, 11 U.S.C. §§ 104, sub. a, and 93, sub. n, to conclude that "Congress assimilated taxes to other debts for all purposes, including denial of post-bankruptcy interest." City of New York v. Saper, supra, 336 U.S. at pages 337, 338, 69 S.Ct. at page 559.

Hence Judge Kaufman was quite within his power in allowing the State here only such interest as other bondholders of like class were to receive.

Affirmed.