**EVARTS v. ELOY GIN CORP. et al.**

No. 13255.

United States Court of Appeals
Ninth Circuit.

May 29, 1953.

Rehearing Denied June 30, 1953.

Laurens L. Henderson, Phoenix, Ariz., for appellant.

Kramer, Morrison, Roche & Perry, Phoenix, Ariz., Evans, Hull, Kitchel & Jenckes, Phoenix, Ariz., for appellees.

Before MATHEWS, STEPHENS, and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

Jack Pretzer, Sr., president of Eloy Gin Corporation, Sunland Gin Corporation, and Pretzer and Sons Cotton Corporation, filed original petitions for an "Arrangement in Bankruptcy" for the three corporations named, herein referred to as Debtor Corporations, in March, 1948, under Chapter XI, 11 U.S.C.A. § 701 et seq. W. E. Springer was appointed Receiver of the Debtor Corporations and he, as Receiver, continued the businesses and managed their affairs for the benefit of creditors.

Eugene F. Evarts is engaged in the business of liquidating the assets of corporations in financial difficulties and of procuring new funds to aid ailing businesses. He, as plaintiff, filed a petition addressed to the Referee in Bankruptcy in charge of the named corporations in which he alleged that in 1949 the Receiver was under pressure from some of the creditors to sell the assets of the receivership estates and make a distribution; that the Receiver feared a forced sale at that time would not realize enough to pay all of the creditors in full; that representatives of the Agricultural Credit Company and of the Agricultural Products Company, creditors of Debtor Corporations, asked Evarts to meet with the Receiver for the purpose of devising a plan to liquidate or refinance the receivership estates; that he met with both the Receiver and Pretzer and they requested him to use his efforts toward raising sufficient funds to pay all outstanding obligations of the Debtor Corporations, plus a sufficient amount to pay $500,000 to Pretzer and the other stockholders of the Debtor Corporations, and the expenses of the receivership; that in return for his services the Receiver and Pretzer promised that he would be paid adequate compensation.

Evarts further alleged in his petition that in furtherance of the above detailed request he contacted J. C. Landers, as a prospective purchaser of the Debtor Corporations; that in August 1949 he arranged a meeting between Pretzer and Landers; that Landers agreed to pay all the outstanding obligations of the Debtor Corporations, plus $500,000 cash for the equities of the Debtor Corporations, plus the costs and expenses of the receivership, and that Landers would receive all the stock of the Arizona Farm Products Corporation, (a company which was not involved in the Bankruptcy proceedings) in exchange for the payment of all of that company's outstanding obligations; that Landers and the representatives

of the Debtor Corporations decided that a tax and other advantages could be realized if the receivership should be discharged and if Landers should purchase the Debtor Corporations' obligations directly from the creditors and then purchase the stock or assets of the Debtor Corporations from the stockholders. Pretzer agreed to this arrangement and the deal, with some modifications, was successfully closed.

On March 15, 1950, the Referee ordered the Receiver to return to the Debtor Corporations "subject to any liens or encumbrances thereon at the commencement of debtor proceedings and which have not heretofore been discharged in debtor proceedings and subject to any liens, encumbrances or obligations, *if any,* relative thereto created by debtor corporations or J. C. Landers outside of debtor proceedings, all of the assets, property and business of said debtor corporations in his hands or under his control, except [here follow certain exceptions not related to the instant appeal] * * *." [Emphasis ours.]

Petitioner Evarts prayed that the Referee allow a claim in the debtor proceedings for adequate compensation against Pretzer, personally, or the Receiver for services rendered and that the claim be declared an obligation of Landers and a prior lien on the assets of the receivership estates.

On June 9, 1950, the Referee, of his own motion, dismissed appellant's petition as to the Debtor Corporations, Pretzer and Landers, for lack of jurisdiction, but retained jurisdiction as to the Receiver. A hearing as to the liability of the Receiver was had on June 23, 1950. The Referee found that the Receiver did not employ or promise appellant any compensation for services and that no authorization by the court was ever sought or obtained for the employment of appellant. Accordingly, appellant's claim against the Receiver was denied on the merits.

On August 12, 1950, the Referee dismissed the debtor proceedings and discharged the Receiver.

Evarts petitioned the United States District Court for the District of Arizona for a review of the June 9 and August 12 orders. The District Court approved and confirmed the orders of the Referee and Evarts appealed to this court.

The questions raised by Evarts' appeals from the June 9 and August 12, 1950, orders, are:

1. Does the Bankruptcy Court have jurisdiction to hear appellant's claims against the Debtor Corporations, Pretzer, and Landers; or to impose any lien on the receivership estates involved in the Arrangement in Bankruptcy?

2. Did the Referee err in discharging the Receiver while the above questions were pending?

Appellant invokes the general equity jurisdiction of the Bankruptcy Court and further asserts that since his claim arises from an "obligation created within the bankruptcy proceedings themselves after adjudication of the bankrupts", the Bankruptcy Court has ample statutory jurisdiction under Sec. 2 of the Bankruptcy Act, Title 11 U.S.C.A. § 11. There was no adjudication of bankruptcy.

■■■ Courts of Bankruptcy are invested with "such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings". Title 11 U.S.C.A. § 11. However, the jurisdiction thus granted is not plenary equity jurisdiction. It is bankruptcy jurisdiction, limited to the express statutory authorizations. The equity jurisdiction conferred by the Act merely empowers the judge or referee in bankruptcy to employ the rules and principles of equity jurisprudence in the exercise of his bankruptcy jurisdiction. Smith v. Chase National Bank, 8 Cir., 1936, 84 F.2d 608, 614; Billings Credit Men's Ass'n v. Bogert, 9 Cir., 1925, 5 F.2d 307, 309; Pepper v. Litton, 1939, 308 U.S. 295, 304, 60 S.Ct. 238, 84 L.Ed. 281; 8 C.J.S., Bankruptcy, § 21. Thus, appellant's invocation of the equity powers of the Bankruptcy Court is not sufficient to confer jurisdiction on the Bankruptcy Court of the issues raised here, in the absence of some statutory authority. See 8 Collier on Bankruptcy, 14th Ed., § 3.01.

■■■ The Bankruptcy Court's jurisdiction generally is divided into three classes:

(1) proceedings in bankruptcy[1]; (2) controversies arising in proceedings in bankruptcy[2]; and (3) controversies at law and in equity, as distinguished from proceedings under the Bankruptcy Act in suits between receivers and trustees as such and adverse claimants, concerning property acquired or claimed by the receiver or trustees.[3]

■ The second and third classifications are clearly not relevant to the matter here before us because of the specialized meaning of the term "controversy" in bankruptcy parlance. While a controversy may be any dispute in the popular sense of the word, in bankruptcy it involves only "a dispute as to whether particular property is part of the estate, both where a trustee seeks to recover property in possession of a third party and where a third party seeks to recover property in the possession of a trustee." 8 Collier on Bankruptcy § 3.01; 2 ibid. § 23.06; Harrison v. Chamberlin, 1926, 271 U.S. 191, 193, 46 S.Ct. 467, 70 L.Ed. 897; Coder v. Arts, 1909, 213 U.S. 223, 235, 29 S.Ct. 436, 53 L.Ed. 772. All the property here was in the possession and control of the Receiver and there is no adverse claim to any particular property.

■ We turn our attention to the first classification, "proceedings in bankruptcy", which concerns "among others, all matters of administration, such as the allowance, rejection and reconsideration of claims, the reduction of the estates to money and its distribution, the determination of the preferences and priorities to be accorded to claims presented for allowance and payment in regular course, and the supervision and control of the trustees and others who are employed to assist them." United States Fidelity & Guaranty Co. v. Bray, 1912, 225 U.S. 205, 217, 32 S.Ct. 620, 625, 56 L.Ed. 1055. In such administrative matters the Bankruptcy Court has summary jurisdiction. 8 Collier on Bankruptcy, § 3.01; Taylor v. Voss, 1926, 271 U.S. 176, 181, 46 S.Ct. 461, 70 L.Ed. 889; United States Fidelity & Guaranty Co. v. Bray, supra, 225

U.S. at page 218, 32 S.Ct. at page 625. And that jurisdiction is exclusive of all other courts, both state and federal. Gross v. Irving Trust Co., 1933, 289 U.S. 342, 53 S. Ct. 605, 77 L.Ed. 1243.

Appellant has petitioned the Referee in Bankruptcy to allow a claim which he asserts against the Receiver, the Debtor Corporations, Pretzer, Landers and the Trust Estate. By using a petition to the Referee in the bankruptcy proceedings rather than formal pleadings as in a plenary action, and in asserting a claim to share in the distribution of the estates, appellant seeks to invoke the summary jurisdiction of the Bankruptcy Court. See Continental Illinois Nat. Bank v. Chicago R. I. & P. Ry. Co., 1935, 294 U.S. 648, 682, 55 S.Ct. 595, 79 L.Ed. 1110; Taylor v. Voss, supra; 8 Collier on Bankruptcy § 3.01.

■ The Bankruptcy Court recognized its jurisdiction in appellant's claim against the Receiver. That part of the claim was decided on the merits, adversely to appellant, and no appeal having been taken it is not before us.

The Referee dismissed appellant's petition for lack of jurisdiction over Evarts' dispute with Debtor Corporations, and with Pretzer and Landers, holding that the Bankruptcy Court was without jurisdiction as to dealings outside the bankruptcy proceedings.

■ Section 311 of the Chandler Act, 11 U.S.C.A. § 711, gives the Bankruptcy Court in which a petition for a Chapter XI Arrangement is filed "exclusive jurisdiction of the debtor and his property". However, inasmuch as Evarts alleged contracts with only Pretzer and Landers at a time when the Debtor Corporations were under the exclusive control of the Receiver, and inasmuch as the Bankruptcy Court did not ratify or approve the employment of Evarts, he has not stated a cause of action against the corporations in bankruptcy. There was no error in the dismissal as to the Debtor Corporations.

1. § 2, sub. a of the Bankruptcy Act, Title 11 U.S.C.A. § 11, sub. a.

2. § 2, sub. a (7) of the Bankruptcy Act, Title 11 U.S.C.A. § 11, sub. a (7).

3. § 23, sub. a of the Bankruptcy Act, Title 11 U.S.C.A. § 46, sub. a.

■ The Bankruptcy Court has no jurisdiction in controversies between third parties not involving the debtor or his property, 8 Collier on Bankruptcy, § 3.02, n. 2, p. 124; In re Lubliner & Trinz Theatres, Inc., 7 Cir., 1938, 100 F.2d 646; In re Hotel Martin Co. of Utica, 2 Cir., 1938, 94 F.2d 643. It is clear that Pretzer, as an individual, was a third party to the debtor proceedings; and as to any claim of petitioner's against him it is purely personal and cannot involve the property while it was held by the Receiver. The Bankruptcy Court's order of dismissal as to Pretzer was proper.

■ Landers was the principal creditor of the Debtor Corporations at the time of appellant's petition, having obtained an assignment of most of the claims against the Debtor Corporations outside of the Arrangement proceedings. As a creditor of the Debtor Corporations he was subject to the Bankruptcy Court's jurisdiction in his dealings with the debtors; but he was not subject to the Bankruptcy Court's jurisdiction in his dealings with third parties, in which category Evarts falls. Therefore, the Bankruptcy Court's jurisdiction over appellant's claim against Landers was properly declined.

We must next consider whether, in the circumstances, it was error to dismiss the proceedings and to discharge the Receiver.

Section 376(2) of the Chandler Act, 11 U.S.C.A. § 776(2), permits the withdrawal of original petitions for Arrangement. In such a circumstance the Bankruptcy Court may "upon hearing after notice to the debtor, the creditors, and such other persons as the court may direct" order the proceeding dismissed if a dismissal "in the opinion of the court may be in the interest of the creditors."

The Receiver petitioned the court to permit him to return the receivership assets to the Debtor Corporations and to withdraw the Arrangement petition. No objection was made to the return of the assets. In fact, the return of the assets was an important part of the agreement between the stockholders of the corporations and Landers. That is, the deal having been accomplished outside of bankruptcy, the services of the Bankruptcy Court were no longer useful or appropriate. The Creditors' Committee and the Debtors further consented to the dismissal of the debtor proceedings without further notice. Appellant was not notified nor was he given any hearing in connection with the dismissal, the court evidently not considering him an interested party since his alleged contract of employment was not asserted to have been made with the Receiver, but independently of the Bankruptcy Court.

■ From what we have said it necessarily follows that appellant was not a creditor nor in any sense a party to the bankruptcy proceedings. Accordingly, he has no standing to object to the dismissal of the bankruptcy proceedings and the discharge of the Receiver.

Affirmed.