220 F.2d 935
 BRANDT & BRANDT PRINTERS, Inc., Appellant,
v.
David Charles KLEIN, Trustee in Bankruptcy of William
Friedman, doing business under the name and style
of Faultless Press, Appellee.
 No. 185, Docket 23386.
 United States Court of Appeals, Second Circuit.
 Argued Jan. 12, 1955.
Decide Feb. 14, 1955.
As Modified on Denial of Rehearing May 11, 1955.
 
 Gronich, Herbsman & Aleyner, New York City (Sydney Basil Levy, Robert I. Ruback and Jack Altes, New York City, of counsel), for appellant.
 Bergerman & Hourwich, New York City (Joseph Calderon, New York City, of counsel), for appellee.
 Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.
 FRANK, Circuit Judge.
 
 
 1
 1. We think the evidence amply supports the Referee's findings and his legal conclusion that a partnership existed.
 
 
 2
 2. Appellant, however, contends that, if there was a partnership, then the bankruptcy court had no power, without appellant's consent, to administer the partnership assets. We agree. Section 5, subs. a and i of the Bankruptcy Act, 11 U.S.C.A. § 23, subs. a, i, so far as pertinent, read as follows:
 
 
 3
 'a. A partnership * * * may be adjudged a bankrupt either separately or jointly with one or more or all of its general partners.
 
 
 4
 'i. * * * In the event of one or more but not all of the general partners being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the general partner or partners not adjudged bankrupt; but such general partner or partners not adjudged bankrupt shall settle the partnership business as expeditiously as its nature will permit and account for the interest of the general partner or partners adjudged bankrupt.'
 
 
 5
 In other words, the bankruptcy of one partner works a dissolution of the firm, and the solvent partner (here appellant) must promptly wind it up.[1] As this is a New York partnership, under New York Partnership Law, Section 71, McK.Consol.Laws, c. 39, the assets must be applied by appellant to liabilities in the following order of priorities.
 
 
 6
 'I. Those owing to creditors other than partners,
 
 
 7
 'II. Those owing to partners other than for capital and profits,
 
 
 8
 'III. Those owing to partners in respect of capital,
 
 
 9
 'IV. Those owing to partners in respect of profits.'
 
 
 10
 Here the partnership was not adjudged a bankrupt. We reject appellee's contention that the petition in bankruptcy, which named 'William Friedman doing business under the name and style of Faultless Press,' constituted a petition against the partnership or that the adjudication, also thus naming the bankrupt, adjudicated the partnership. Nor has appellant overtly or impliedly consented to the administration in bankruptcy of the partnership property.[2]
 
 
 11
 It follows that the bankruptcy court cannot properly administer those partnership assets. See Marnet Oil & Gas Co. v. Staley, 5 Cir., 218 F. 45, 48-49. This is not a case 'where the original proceeding was against a firm, and, upon the discovery of a partner not originally named or known, he was brought in as one of the members of the firm'; In re Kaufman, 2 Cir., 176 F. 93, 94. A new or amended petition in bankruptcy, naming appellant as partner, to be followed by the partnership's adjudication, would be necessary if bankruptcy jurisdiction of the partnership assets were to be maintained; in that event, appellant would have an opportunity 'to controvert the facts alleged in the petition,' and a right to a trial 'on the question of * * * any act of bankruptcy alleged to have been committed'; In re Kaufman, supra.[3] See also In re Fuller, 2 Cir., 9 F.2d 557; 1 Collier, Bankruptcy (14th Ed.) 740-741; cf. In re Samuels, 2 Cir., 215 F. 845; cf. Benitez v. Bank of Nova Scotia, 1 Cir., 110 F.2d 169, 172, 173-174. 174. In Kaufman-Brown Potato Co. v. Long, 9 Cir., 182 F.2d 594, apparently the objecting partners had not objected to the bankruptcy court's administration of the partnership assets until after they had been sold. But here, as soon as appellee asserted the existence of a partnership, appellant answered alleging lack of jurisdiction of the property and denying the partnership status.[4]
 
 
 12
 Having regard to the present liberal construction of pleadings, we read appellant's answer to the May 10th petition as (a) denying the existence of a partnership; and (b) in the alternative, asking that, if it should be found that a partnership existed, appellant surrender possession of the partnership assets so that appellant might 'settle the partnership business as expeditiously,' as the nature of the business permitted.
 
 
 13
 We hold, therefore, that the partnership assets (or the cash proceeds of the sale of those assets) must be turned over to appellant which must then settle the partnership business expeditiously and, after paying partnership liabilities, account to appellee for any amount due to Friedman's estate under Section 71 of the New York Partnership Law. The effect of our ruling will necessarily require the bankruptcy court to re-examine all claims on file in the Friedman proceedings, and to order that those which are claims solely against the partnership be subordinated to the claims against the individual partner, Friedman, the bankrupt. 1 Collier, Bankruptcy (14th Ed.) 723 et seq. That court has already decided that appellant's claims are solely against the partnership and its finding to that effect will be affirmed. In all other respects, the order appealed from must be reversed with the case remanded for further proceedings in accordance with this opinion.[5]
 
 
 14
 Affirmed in part, as above indicated, and in all other respects reversed and remanded.
 
 
 15
 Reversed and remanded.
 
 
 
 [1]
 See 1 Collier, Bankruptcy (14th Ed.) 741; New York Partnership Law, Section 62, clause 5
 
 
 [2]
 Appellee, in his brief, argues that Brandt consented to the bankruptcy court's administration of the partnership assets, because, in March 1954, appellant turned over to appellee the balance in a bank account, identified as 'Brandt Special Account.' This turnover, however, occurred several months before the Trustee in the bankruptcy proceedings sought to hold Brandt as a partner
 
 
 [3]
 As the objecting partner had appeared generally, the Kauman case cannot be distinguished on the ground that there the assets were not in the possession of the trustee in bankruptcy
 
 
 [4]
 In re Harris, D.C.N.D.Ohio, 108 F. 517, is perhaps distinguishable on its facts; if not, we think it wrong
 
 
 [5]
 We need not now consider the question of the rank of appellant's claims against the partnership assets under Section 71 of the New York Partnership Law