Matter of William **FRIEDMAN** doing business under the name and style of Faultless Press, Bankrupt.

**BRANDT & BRANDT PRINTERS,** Inc., Appellant,

v.

**David Charles KLEIN, Trustee of the above Bankrupt, Appellee.**

No. 294, Docket 23911.

United States Court of Appeals Second Circuit.

Argued April 5, 1956.

Decided April 20, 1956.

**152**

Gronich, Herbsman & Aleyner, New York City (Sydney Basil Levy, Robert I. Ruback, New York City, of counsel), for appellant.

Bergerman & Hourwich, New York City (Joseph Calderon, New York City, of counsel), for appellee.

Before FRANK, MEDINA and WATERMAN, Circuit Judges:

WATERMAN, Circuit Judge.

Sufficient explanatory background facts appear in our opinion in Brandt & Brandt Printers, Inc., v. Klein, 2 Cir., 1955, 220 F.2d 935, 938, where we held that appellant Brandt was in partnership with the bankrupt and that assets of the partnership held by the trustee in bankruptcy "must be turned over to appellant which must then settle the partnership business expeditiously and, after paying partnership liabilities, account to appellee for any amount due to Friedman's [the bankrupt's] estate under Section 71 of the New York Partnership Law." We then remanded the cause for disposition below consistent with this opinion.

After remand the appellant moved the referee for an order directing the trustee to so turn over the partnership assets to it. The trustee answered alleging that receiver, trustee, and their counsel had rendered services which had been of benefit to the estate and its creditors, and the partnership assets should be subjected to charges for those services. The trustee also presented an order to the referee to fix compensation for these alleged services. The referee granted appellant's motion and issued his order thereon. He denied the trustee's petition because he held the proposed order to be in direct contravention of our above finding. The trustee filed a petition to review both of these acts of the referee.

The District Judge reversed the referee and remanded the cause to him to fix the expenses and compensation of the receiver, the trustee, and their attorneys, and pay the same out of the funds in the trustee's hands before turning over to appellants the partnership assets pursuant to our former mandate.

We reverse the District Judge.

The assets of Brandt & Brandt Printers, Inc. and William Friedman, the co-partnership, are not part of the bankrupt estate of Friedman and cannot be administered in the present bankruptcy proceedings, Brandt & Brandt Printers, Inc., v. Klein, supra. Likewise, they cannot be charged with compensation of the receiver, the trustee, or their attorneys.

As we stated in Guerin v. Weil, Gotshal & Manges, 2 Cir., 1952, 205 F.2d 302, 304:

"'It is well settled that the bankruptcy court lacks power to grant, and the policy of the Act is against, compensation not expressly provided for by the Act.' Lane v. Haytian Corp., 2 Cir., 117 F.2d 216, 219, certiorari denied 313 U.S. 580, 61 S.Ct. 1101, 85 L.Ed. 1537. Although it has been broadly stated that a bankruptcy court is a court of equity, Young v. Higbee Co., 324 U.S. 204, 214, 65 S.Ct. 594, 89 L.Ed. 890, the exercise of its equitable powers must be strictly confined within the prescribed limits of the Bankruptcy Act, see Berry v. Root, 5 Cir., 148 F.2d 945, 946, certiorari denied 326 U.S. 755, 66 S.Ct. 91, 90 L.Ed. 453. Where Congress intended that allowances should be made it has carefully enumerated them, and any omissions must be construed as express exclusions, 3 Collier, Bankruptcy 1534–7 (14th Ed.)."

The fees and allowances of trustees and receivers in bankruptcy, including fees and allowances for their counsel, are allowable only as authorized by the Bankruptcy Act. Section 64 of the Bankruptcy Act, 11 U.S.C.A. § 104, provides for the payment of this compen-

sation "out of bankrupt estates". A bankrupt estate consists only of funds and assets left after the determination of all third-party claims. Since we adhere to our former decision that this partnership fund may not be properly administered in bankruptcy, we find nothing in the Act to justify charging these partnership assets with the payment of the compensation here prayed for.

Reversed and remanded for disposition in accordance with this opinion.