In the Matters of THIRD AVENUE TRANSIT CORPORATION, Surface Transportation Corporation of New York, Westchester Street Transportation Company, Inc., The Westchester Electric Railroad Company, Warontas Press, Inc., Debtors.

United States District Court
S. D. New York.
July 24, 1957.

Joseph D. Diamond, New York City, for claimant Lucy D. Welsh, Admin.

Frank J. Wheelan, New York City, for Peerless Cas. Co.

Saxe, Bacon & O'Shea, New York City, for the trustee.

DIMOCK, District Judge.

Lester T. Doyle, trustee of Surface Transportation Corporation of New York, brings this motion to limit the claim of Lucy D. Welsh, as Administratrix of the Estate of George T. Welsh, deceased (hereinafter claimant) against the self insurance fund of Surface Transportation Corporation of New York (hereinafter Surface) to the sum of $10,000, with her claim allowed for the excess as a general unsecured creditor,

and to limit interest on $12,500, the principal of the claim, to the period ending June 21, 1949, the date when Surface was placed in reorganization. The self insurance fund is sufficient to pay a dividend of only about $2,200 on a claim of $10,000 against it.

Claimant commenced a wrongful death action against Surface in the Supreme Court, New York County, on December 2, 1948. Claimant obtained a judgment on March 15, 1957, in the sum of $12,-500 with interest from the date of death of $6,656.25, together with $187 costs, aggregating $19,343.25.

Section 132, of the Decedent Estate Law, Consol.Laws, c. 13, provides, in part:

"The damages awarded to the plaintiff may be such a sum as the jury upon a writ of inquiry, or upon a trial, or, where issues of fact are tried without a jury, the court or the referee, deems to be a fair and just compensation for the pecuniary injuries, resulting from the decedent's death, to the person or persons, for whose benefit the action is brought. * * * When final judgment for the plaintiff is rendered, the clerk must add to the sum so awarded, interest thereupon from the decedent's death, and include it in the judgment."

The Peerless Casualty Company (hereinafter Peerless) carries insurance coverage for Surface in excess of the $10,000 for which Surface is self-insurer. Peerless has appeared on this motion but contests this court's jurisdiction over it. Surface does not seek adjudication of any issue involving Peerless. Claimant, however, seeks to have this court fix the liability of Peerless.

Claimant and the trustee are in agreement that, as between them, the claim against the self insurance fund should be limited to $10,000 and that the balance over the dividend from that fund should be allowed as a general unsecured claim. They disagree, however, on the allowance of interest as part of the general unsecured claim.

No question arises as to any right to interest against the self insurance fund since the claim for principal, $12,500, exceeds the maximum liability of that fund.

The amount in dispute between claimant and the trustee is the interest on $12,500, the part of the judgment representing principal, from June 21, 1949 to the date of entry of judgment. Claimant contends that this interest is part of the judgment and that this court must give it full credit. The trustee contends that, for the purpose of proof in bankruptcy, all interest against Surface ceased to accrue after June 21, 1949.

■ As a general rule all interest stops accruing at bankruptcy. Sexton v. Dreyfus, 219 U.S. 339, 31 S.Ct. 256, 55 L.Ed. 244. There is no provision in the Bankruptcy Act, 11 U.S.C. § 1 et seq., that permits post bankruptcy interest. City of New York v. Saper, 336 U.S. 328, 69 S.Ct. 554, 93 L.Ed. 710. It is now settled that even governmental claims bear no interest during reorganization proceedings. State of New York v. Feinberg, 2 Cir., 204 F.2d 502. Section 63, sub. a(5) of the Bankruptcy Act, 11 U.S.C. § 103, sub. a(5), provides:

"(a) Debts of the bankrupt may be proved and allowed against his estate which are founded upon
* * *

"(5) provable debts reduced to judgments after the filing of the petition and before the consideration of the bankrupt's application for a discharge, less costs incurred and interest accrued after the filing of the petition and up to the time of the entry of such judgments;"

■ As between claimant and the estate administered under Chapter X, 11 U.S.C. § 501 et seq. her claim must be limited to the principal amount of the verdict, i. e., $12,500, plus interest thereon to June 21, 1949, the date Surface was placed in reorganization.

Claimant argues that section 132 of the Decedent Estate Law of the State of New York, which requires the addition of interest to the verdict from the date of death to the date of the rendition of the verdict, gives the interest the character of principal so that it ought not to be treated as is other interest under the Bankruptcy Act.

It is true that in the ordinary tort case the jury may take into account in fixing the damages the time which has elapsed between the date of the injury and the date of the award and that no one would claim that any part of such an allowance ought to be disallowed in bankruptcy because the verdict was rendered after the date when interest would have stopped running on other claims. I believe, however, that the only reason why, in bankruptcy, tort verdicts are not split up into principal and allowable interest and unallowable interest is that there is no way of telling whether or not the verdict contains any interest. This is a matter within the jury's discretion so that there would be no basis for applying any rule that disallowed interest accruing after the date of the filing of the petition. Jones v. United States, 258 U.S. 40, 49, 42 S.Ct. 218, 66 L.Ed. 453; Eddy v. Lafayette, 163 U.S. 456, 467, 16 S.Ct. 1082, 41 L.Ed. 225; Lincoln v. Claflin, 7 Wall. 132, 139, 19 L.Ed. 106.

Here, however, the legislature has required that the amount of interest be expressly determined and there is no difficulty in treating it as interest within the terms of the Bankruptcy Act. In a proper case, the courts of New York have analyzed a wrongful death judgment into its component parts. See Cleghorn v. Ocean Accident & Guarantee Corp., 244 N.Y. 166, 155 N.E. 87. No interest will be allowed, therefore, after June 21, 1949.

Claimant asks this court to fix the liability, if any, of Peerless as excess insurance carrier. The insurance policy between Surface and Peerless includes the following provision:

"The insolvency or bankruptcy of the Assured shall not release the

Company from the payment of damages for injury sustained or loss occasioned during the life of and within the coverage of this Contract.

"In case judgment against the Assured in an action brought to recover damages for injury sustained or loss or damage occasioned during the life of the Contract shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the Assured, or upon the Assured, and upon the Company, then an action may, except during a stay or limited stay of execution against the Assured on such judgment, be maintained against the Company under the terms of the Contract for the amount of such judgment, subject to the applicable limits of coverage under the Contract."

Peerless does not dispute that it may be liable to claimant under this provision of policy. Peerless contends, however, that this court has no jurisdiction to adjudicate any dispute between claimant and Peerless.

The court has jurisdiction to pass upon the claims of all creditors against Surface. The court does not have jurisdiction to pass upon disputes between third parties not involving the debtor or his property. Evarts v. Eloy Gin Corp., 9 Cir., 204 F.2d 712, certiorari denied 346 U.S. 876, 74 S.Ct. 129, 98 L.Ed. 384; In re Hotel Martin Co. of Utica, 2 Cir., 94 F.2d 643. Claimant's proceeding against Peerless does not involve the debtor or its property hence this court has no jurisdiction to hear the claim.

Since I have come to the conclusion that Peerless is not a proper party before the court, no determination in connection with this claim is binding either in favor of or against Peerless. The rights as between claimant and Peerless must be determined in a plenary suit between them.

Settle order on notice.