In the Matter of Marvin R. SEGAL, doing business as Bee Metal Products and Engineering, Bankrupt.
No. 65469—Bankruptcy.

United States District Court
S. D. California,
Central Division.
Dec. 16, 1957.

Harold A. Slane and John W. Olson, Los Angeles, Cal., for Trustee.

Frank J. Hill, Long Beach, Cal., for respondents.

MATHES, District Judge.

This matter is here upon petition for review of the referee's order of April 26, 1957, dismissing on the merits the trustee's "Petition to Establish Partnership and to Require Partners to File Schedules of Assets and Liabilities."

The petition so dismissed seeks a "declaration" that a partnership or joint venture existed between the bankrupt and the respondents, and also an order requiring the respondents to file schedules of assets and liabilities.

No petition for adjudication as bankrupt has been filed by or against any of the respondents. Nor does the trustee's dismissed petition ask that any of the respondents be adjudged bankrupt and, so far as appears from the record under review, none of them individually, nor any partnership of which any of them is a member, has been adjudged a bankrupt.

The only persons connected with these proceedings who have been adjudged bankrupt are Marvin R. Segal, individually, and Landale Air Conditioning and Sheet Metal, Inc., a corporation. Having found that the Landale corporation was but a "hollow shell" and the "alter ego" of Segal, the referee entered an order, now final, directing that the assets and liabilities of the corporation be administered with the assets and liabilities of Segal.

Section 5, sub. i of the Bankruptcy Act declares that: "Where all the general partners are adjudged bankrupt, the partnership shall also be adjudged bankrupt. In the event of one or more but not all of the general partners of a partnership being adjudged bankrupt, the partnership property shall not be administered in bankruptcy, unless by consent of the general partner or partners not adjudged bankrupt * * *." 11 U.S.C.A. § 23, sub. i. Far from consenting to administration of property of the alleged partnership by the bankruptcy court, the respondents deny the existence of a partnership among themselves and the bankrupt, and resist the entry of any order requiring them to file schedules. See Brandt & Brandt Printers v. Klein, 2 Cir., 1955, 220 F.2d 935, 938; cf. Kaufman-Brown Potato Co. v. Long, 9 Cir., 1950, 182 F.2d 594, 602–603.

There is confronted at the outset, then, the question whether, notwithstanding § 5 sub. i of the Bankruptcy Act, this court, as a court of bankruptcy, has any jurisdiction over property of the alleged partnership or over the individual assets of the respondents. Bankruptcy Act, §§ 1, sub. 9, 2, subs. a (1, 7), 11 U.S.C.A. §§ 1, sub. 9, 11, sub. a (1, 7); see Brandt & Brandt Printers v. Klein, supra, 220 F.2d at pages 937–938; In re Friedman (Brandt & Brandt Printers v. Klein), 2 Cir., 232 F.2d 151, certiorari denied, 1956, 352 U.S. 835, 77 S.Ct. 53, 1 L.Ed. 2d 54.

■ Although no question as to jurisdiction has been raised by the parties, either before the referee or upon this review, it is nonetheless proper for the court, on its own initiative, to question jurisdiction. Fed.R.Civ.P., Rule 12(h) (2), 28 U.S.C. § 2072; Gen.Order 37, 11 U.S.C.A. following section 53; United States v. Corrick, 1936, 298 U.S. 435, 440, 56 S.Ct. 829, 80 L.Ed. 1263.

The specific jurisdictional question is whether a court of bankruptcy has jurisdiction to "declare" or adjudge that persons against whom no proceedings under the Bankruptcy Act are pending are members of a partnership against which no proceedings under the Act are pending, and to require such persons to file schedules of their assets and liabilities on the ground that they are general partners with one who has been individually adjudged a bankrupt.

■ This court, as a court of bankruptcy, has only such jurisdiction as is granted by the Bankruptcy Act [Taubel-Scott-Kitzmiller Co. v. Fox, 1924, 264 U.S. 426, 431, 44 S.Ct. 396, 68 L.Ed. 770; Evarts v. Eloy Gin Corp., 9 Cir., 204 F. 2d 712, 715–716, certiorari denied 1953,

346 U.S. 876, 74 S.Ct. 129, 98 L.Ed. 384; its power to act in a given matter or in a particular way "on the subject of Bankruptcies" [U.S.Const. Art. I, § 8] must be found, expressly or impliedly, in the words of the Act [In re Prima Co., 7 Cir., 1938, 98 F.2d 952, 956, certiorari denied, 1939, 305 U.S. 658, 59 S.Ct. 358, 83 L.Ed. 426; see In re Nahhas, D.C.S.D.Cal.1949, 88 F.Supp. 89].

■ Although often loosely called "courts of equity", courts of bankruptcy do not in any sense have plenary equity jurisdiction; their jurisdiction is "bankruptcy jurisdiction, limited to the express statutory authorizations." Evarts v. Eloy Gin Corp., supra, 204 F.2d at page 715; In the Matter of Camp Packing Co., D.C.N.D.N.Y.1956, 146 F.Supp. 935, 939.

■ Non-consensual bankruptcy jurisdiction to administer property is invoked by the filing of a petition seeking immediate or ultimate adjudication that the owner or holder of the property is a bankrupt. One of the first jurisdictional requisites is that the petition allege that the claimed bankrupt has committed an act of bankruptcy specified in the statute [Bankruptcy Act, §§ 1, sub. 23, 3, sub. b, 5, sub. a, 11 U.S.C.A. §§ 1, sub. 23, 21, sub. b, 23, sub. a; see: Meek v. Centre County Banking Co., 1925, 268 U.S. 426, 432, 45 S.Ct. 560, 69 L.Ed. 1028; Liberty National Bank of Roanoke, Virginia v. Bear, 1928, 276 U.S. 215, 221, 223, 224, 226, 48 S.Ct. 252, 72 L.Ed. 536; In re Samuels, 2 Cir., 1914, 215 F. 845; 1 Collier, Bankruptcy Par. 3.03 (14th ed. 1940); 1 Remington, Bankruptcy §§ 82, 109, 110 (5th ed. 1950); MacLachlan, Bankruptcy § 52(1956)] or, where filed on behalf of a partnership by less than all the general partners, that the claimed bankrupt is insolvent [Bankruptcy Act, § 5, sub. b, 11 U.S.C.A. § 23, sub. b].

True, § 5, sub. d of the Bankruptcy Act provides that: "The court of bankruptcy which has jurisdiction of one of the general partners may have jurisdiction of all the general partners and of the administration of the partnership and individual property." 11 U.S.C.A. § 23, sub. d.

■ But although seeming to speak in such terms, § 5, sub. d does not confer additional subject-matter jurisdiction on courts of bankruptcy; it "goes solely to the question of venue or jurisdiction of the bankruptcy court with reference to its territorial limits." Meek v. Centre County Banking Co., supra, 268 U.S. at pages 431–432, 45 S.Ct. at page 562.

■■ If the trustee's petition here be considered as including a petition in involuntary bankruptcy against the respondents individually [Bankruptcy Act, §§ 4, sub. b, 59, sub. b, 11 U.S.C.A. §§ 22, sub. b, 95, sub. b; Gen. Order 5, Form 5, 11 U.S.C.A. following section 53], the proceedings as against individual property of the respondents are nonetheless beyond the subject-matter jurisdiction of the bankruptcy court, for two reasons. First, the trustee's petition fails to allege the commission of an act of bankruptcy by any of the respondents. Second, the trustee in bankruptcy of one of several alleged partners is not a proper party to commence involuntary proceedings in bankruptcy against others of the alleged partners. Bankruptcy Act, §§ 5, 59, 11 U.S.C.A. §§ 23, 95; cf. Kaufman-Brown Potato Co. v. Long, supra, 182 F.2d at page 601.

Neither would subject-matter jurisdiction exist if the trustee's petition be treated as in effect a "quasi-voluntary" petition filed by one of the general partners in the separate behalf of the alleged partnership under the provisions of section 5, sub. b that: "A petition may be filed by one or more or all of the general partners in the separate behalf of a partnership or jointly in behalf of a partnership and of the general partner or partners filing the same: *Provided, however,* That where a petition is filed in behalf of a partnership by less than all of the general partners, the petition shall allege that the partnership is insolvent. * * *" 11 U.S.C.A. § 23, sub. b.

■ Overlooking the hurdle that the trustee in bankruptcy of one of several alleged general partners is not a party authorized to initiate proceedings "in behalf of a partnership" [see Meek

v. Centre County Banking Co., supra, 268 U.S. 426, 45 S.Ct. 560, 69 L.Ed. 1028; but cf. Kaufman-Brown Potato Co. v. Long, supra, 182 F.2d at page 601], but bearing in mind that a partnership cannot be insolvent in the bankruptcy sense unless all the general partners are insolvent [Francis v. McNeal, 1913, 228 U.S. 695, 33 S.Ct. 701, 57 L.Ed. 1029; Kaufman-Brown Potato Co. v. Long, supra, 182 F.2d at pages 601–602], it is patent that the failure of the petition to allege insolvency of the respondents leaves the bankruptcy court without jurisdiction under § 5 sub. b.

Nor would subject-matter jurisdiction exist if the trustee's petition be treated as an involuntary petition against the alleged partnership [Bankruptcy Act, § 1, sub. 19, 5, sub. a, 59, sub. b, 11 U.S.C.A. §§ 1, sub. 19, 23, sub. a, 95, sub. b], "since it was not filed by creditors, the only persons authorized to file such a petition, and furthermore did not allege that the [claimed] partnership had committed an act of bankruptcy" [Meek v. Centre County Banking Co., supra, 268 U.S. at page 432, 45 S.Ct. at page 562.]

Where the bankruptcy court lacks jurisdiction to administer a person's property, jurisdiction is also lacking to compel that person to file schedules of assets and liabilities under § 7, sub. a (8) of the Bankruptcy Act, 11 U.S.C.A. § 25, sub. a (8). In re Samuels, supra, 215 F. 845.

It follows that this court, as a court of bankruptcy, is without subject-matter jurisdiction to grant the relief sought by the trustee in his "Petition to Establish Partnership and to Require Partners to File Schedules of Assets and Liabilities."

Since the proceedings under review, dismissing the trustee's petition on the merits, must be recommitted to the referee for entry of an order dismissing the trustee's petition for want of jurisdiction over the subject matter, it may expedite the administration of this estate to observe by way of dictum that, even if jurisdiction over the subject matter were present, this court would feel bound to sustain the referee on the merits. Bankruptcy Act, § 2, sub. a (10), 11 U.S.C.A. § 11, sub. a (10); Gen. Order 47, 11 U.S.C.A. following section 53.

Inasmuch as the Bankruptcy Act does not define the terms "partnership" or "joint venture", the law of California must govern here as to the existence of either. [In re Brunson & Bunch, D.C.S.D.Cal.1948, 79 F.Supp. 833.] Under California law, the determination of whether a relationship of partnership or joint venture exists is primarily a question for the trier of fact to determine from the facts disclosed by the evidence and the inferences to be drawn therefrom. [Nelson v. Abraham, 1947, 29 Cal. 2d 745, 750, 177 P.2d 931, 933–934; Spier v. Lang, 1935, 4 Cal.2d 711, 716, 53 P. 2d 138, 140; Cutter Laboratories, Inc., v. R. W. Ogle & Co., 1957, 151 Cal.App.2d ——, 311 P.2d 627, 632; Singleton v. Fuller, 1953, 118 Cal.App.2d 733, 741, 259 P.2d 687, 691.]

Upon the record here it cannot be said that the referee was "clearly erroneous" [Gen. Order 47, 11 U.S.C.A. following section 53] in finding that the evidence does not warrant the conclusion that a partnership or joint venture existed between the respondents and the bankrupt. See: Cal.Corp.Code, §§ 15006, 15007; Universal Sales Corp. v. California Press Mfg. Co., 1942, 20 Cal. 2d 751, 128 P.2d 665; Spier v. Lang, supra, 4 Cal.2d at pages 715–717, 53 P.2d at pages 140–141; Constans v. Ross, 1951, 106 Cal.App.2d 381, 235 P.2d 113; Howard v. Societa Di Unione E. Beneficenza Italiana, 1944, 62 Cal.App.2d 842, 847–849, 145 P.2d 694, 697–698; Enos v. Picacho Gold Mining Co., 1943, 56 Cal. App.2d 765, 771–772, 133 P.2d 663, 666–667; cf.: Automotriz Del Golfo De California S.A. De C. V. v. Resnick, 1957, 47 Cal.2d 792, 796, 306 P.2d 1, 4; Shafford v. Otto Sales Co., 1957, 149 Cal.App.2d 428, 308 P.2d 428; Geisenhoff v. Mabrey, 1943, 58 Cal.App.2d 481, 137 P.2d 36.

For the reasons stated, the referee's order under review, will be vacated. and

the matter recommitted to the referee with directions to dismiss the trustee's petition for lack of jurisdiction over the subject matter.