In the Matter of ROSS SAND & GRAVEL, INC., Bankrupt.

Robert WEEKS and Homer C. Miller, Petitioners, for Themselves and for a Minority Group of Shareholders of Ross Sand & Gravel, Inc., Appellants,

v.

ROSS CONCRETE AND MORTAR, INC., Ross Development Company and Trustee of Ross Sand & Gravel, Inc., Appellees.

No. 14383.

United States Court of Appeals
Sixth Circuit.

April 27, 1961.

Charles Higby Smith, Waverly, Ohio, for appellants.

Arthur L. Rowe, Columbus, Ohio (Manning Webster, Pomeroy, Ohio, on the brief), for Ross Development Co.

E. Loyd Leckie, Charleston, W. Va. (Steptoe & Johnson, Charleston, W. Va., on the brief), for Ross Concrete & Mortar, Inc.

Before MILLER, Chief Judge, and MARTIN and McALLISTER, Circuit Judges.

## PER CURIAM.

On Certificate of Review of the order of its Referee in Bankruptcy, the United States District Court adopted the order of its Referee and his conclusions of law, and dismissed the petition of certain minority stockholders of the bankrupt corporation, Ross Sand & Gravel, Inc. The petition sought to require two other corporations not in bankruptcy, namely Ross Concrete and Mortar, Inc., and Ross Development Company, as alleged joint venturers with the bankrupt corporation, to contribute such sums of money as may be ascertained by accounting or by stipulations to be required to restore the bankrupt to solvency. Both of the named corporations were solvent.

The action of the district court was clearly correct. The exact issue presented was disposed of in a clear-cut, convincing and authoritative opinion by Judge William C. Mathes of the Southern District of California. In re Segal, D.C., 157 F.Supp. 232. In an excellent opinion, it was pointed out by that able and distinguished judge that the United States District Court, as a court of bankruptcy, has only such jurisdiction as is given by the Bankruptcy Act; and the court's power to act in a given manner or in a particular way must be found expressly or impliedly in the words of the Bankruptcy Act.

The Segal opinion further demonstrated that a partnership cannot be insolvent in a bankruptcy sense, unless all the partners are insolvent; and, in the absence of even allegations of the insolvency of the partners or joint venturers, the bankruptcy court is without jurisdiction over them.

Upon the record in the instant case, as in the Segal case, it cannot properly be said that the court was in error in concluding that no partnership or joint venture existed between the respondents and the bankrupt corporation.

The judgment of the United States District Court is affirmed.