LAMA COMPANY, a corporation, Appellant,

v.

UNION BANK, a corporation, and William N. Bowie, Jr., Trustee in Bankruptcy of the Estate of Charles A. Crowl, Appellees.

No. 18143.

United States Court of Appeals
Ninth Circuit.

April 9, 1963.

Julius A. Leetham, Los Angeles, Cal., for appellant.

Loeb & Loeb, Alfred I. Rothman, and Robert A. Holtzman, Los Angeles, Cal., for appellee Union Bank.

Quittner, Stutman & Treister, Los Angeles, Cal., for appellee-trustee William N. Bowie, Jr.

Before JERTBERG and BROWNING, Circuit Judges, and FOLEY, District Judge.

JERTBERG, Circuit Judge.

Before us is an appeal by Lama Company, a corporation, hereinafter called appellant, from an order of the District Court affirming an order of the Referee in Bankruptcy.

The facts are not in dispute. The following summary is taken from the Referee's Certificate on Review to the District Court and the Findings of Fact of the Referee.

Prior to and at the date of bankruptcy, the bankrupt had occupied and was occupying certain premises belonging to appellant under an unexpired written lease providing for monthly rental of $743.00 plus an additional monthly charge of $16.00 for insurance premiums. Prior to and on the date of bankruptcy, there was located on said premises personalty utilized by the bankrupt in his business, consisting of machinery, equipment and fixtures which were inventoried by the trustee on July 30, 1961. All of said property belonged to the bankrupt but two-thirds of the machinery and equipment (both in dollar value and in physical space occupied) was subject to the liens of a valid chattel mortgage executed by bankrupt in favor of appellee, Union Bank. The remaining machinery, equipment and fixtures were owned by the bankrupt free and clear.

After July 30, 1961, the trustee abandoned in the bankruptcy proceedings for lack of equity any interest of the bankrupt estate in and to the machinery and equipment which was subject to the lien of the chattel mortgage held by appellee, Union Bank. All of said personalty remained on the leased premises until August 24, 1961 on which date all of said personalty was disposed of by auction conducted by an auctioneer under the authority of the bankruptcy court, which auctioneer was jointly engaged by the trustee and by the appellee, Union Bank, to dispose of their respective property interests, and all of said personalty was disposed of by the authorized auctioneer. Prior to bankruptcy, the bankrupt, with the agreement of the Union Bank, had arranged with an auctioneer to sell all machinery, equipment and other assets, including that subject to the lien of the chattel mortgage and that which was free and clear. When the trustee [then the receiver] originally took possession of the premises he determined to go forward jointly with the Union Bank and carry out the previously agreed upon auction.

Subsequent to July 24, 1961, the trustee secured and blocked off the leased premises and all of the same, nailing the door to the door jambs and securing the same with locks and placing signs or placards indicating control and possession of the premises and the personalty stored therein by the trustee. Damages in the amount of $60.00 were occasioned by reason of the locking and securing operations of the property.

It was undisputed at the hearing that the trustee's liability for administrative rent commenced on June 1, 1961 and terminated on August 24, 1961, at which time the premises were returned to the appellant. The total rent as called for by the lease for said period would have been the sum of $2,105.28. The Referee held that the trustee was obligated to pay only one-third (or $701.76) of the total rent for the period in question, because the personalty which was free and clear occupied only one-third of the leased premises, the other two-thirds of the space being occupied by personalty which was subject to the lien of the chattel mortgage held by appellee, Union Bank. The amount of $701.76 together with insurance premiums totaling $44.24 and the sum of $60.00 (being cost of repairing certain damage to the premises occasioned by the trustee's occupancy) or a total of $806.00 was fixed as the trustee's liability for administrative rent.

The two questions presented on this appeal are:

1) Was it error to conclude that the Bankruptcy Court lacked summary jurisdiction over the appellee, Union Bank?

2) Was it error to hold that the appellee, Trustee in Bankruptcy, was not liable to the appellant for rental of that portion of the leased premises upon

which was stored property subject to the encumbrances held by the appellee, Union Bank?

■ We are satisfied that the Referee had no summary jurisdiction over the appellee, Union Bank, and properly dismissed appellant's petition insofar as said appellee is concerned for lack of jurisdiction. See Evarts v. Eloy Gin Corporation, 204 F.2d 712 (9th Cir. 1953), C.D. 346 U.S. 876, 74 S.Ct. 129, 98 L.Ed. 384 (1953).

It is clear from the Referee's Certificate on Review and his Findings of Fact that:

1. The trustee's liability to appellant for administrative rent commenced June 1, 1961 and terminated on August 24, 1961;

2. During said period the trustee exercised complete control, possession and the right to control and possession of the leased premises to the exclusion of appellant;

3. The trustee at no time during said period abandoned any portion of the premises to the appellant;

4. From June 1, 1961 to a date subsequent to July 30, 1961, when the personalty stored on the leased premises was inventoried by the trustee and when the trustee abandoned any interest in the personalty subject to the lien of the chattel mortgage, the use of the entire premises was by the trustee for the purpose of preserving the assets of the bankrupt estate;

5. The trustee permitted the appellee, Union Bank, to continue to store its personalty on the leased premises after the trustee had abandoned any interest in said personalty and until sold at the joint auction held on August 24, 1961;

6. The joint auction arranged for by the trustee and the appellee, Union Bank, was held for the benefit of the bankrupt estate and the Bank;

7. Appellant was not a party to any of the agreements or arrangements hereinbefore set forth between the trustee and the appellee, Union Bank.

■ The appellee Trustee urges that the order appealed from must be affirmed because the finding of the Referee as to reasonable rental value is a question of fact not subject to reversal unless clearly erroneous.

Under the record before us we are not bound by the clearly erroneous rule since the Referee erred as a matter of law in finding:

"That the fair and reasonable rental value for the *space* occupied by personalty in which the bankrupt estate had an interest would be the sum of $701.76 * * *"

and in its conclusion of law:

"That although rental under the subject lease should have accrued in the amount of $2,105.28, the trustee should be responsible for only the *portion* represented by the sum of $746.00." (Emphasis added)

The apparent reasoning of the Referee appears to be that since any right or interest of the bankrupt estate to the personalty subject to the lien of the chattel mortgage, which may have passed to the trustee, was extinguished by the trustee's abandonment thereof, and that since such extinguishment relates back to the commencement of the bankruptcy proceedings, such property was never in the custody of the trustee and therefore the trustee should not be liable to appellant for the reasonable rental value of that portion of the leased premises in which such personalty was stored. ·

■ In our view the fiction of relating back relates to the trustee's interest in the personalty and cannot vitiate the reality established by the record that during the entire period under review, the trustee exercised complete dominion and control of the leased premises to the exclusion of appellant and during said period used and occupied the leased premises for the benefit of the bankrupt estate.

If, under the record, any liability exists on the part of appellee, Union Bank, contractually, quasi-contractually, or other basis to pay compensation for the use

of the space occupied by its personalty such obligation runs to the trustee and not to the appellant. On remand of this cause the trustee should pursue any remedy which he may have against the appellee, Union Bank.

The part of the order of the District Court dismissing the proceedings as to the appellee, Union Bank, for lack of jurisdiction is affirmed. The part of the order of the District Court ordering the payment to appellant by the trustee of the sum of $806.00, as an expense of administration of the estate, is vacated and set aside and the cause is remanded to the Referee with instructions to fix the amount required to be paid by the trustee to the appellant for the reasonable rental value based upon the use and occupancy of the entire leased premises.