## TARABINO v. NICOLI ET AL.

1. APPELLATE PRACTICE—ABSTRACTS OF RECORD.
When a question presented for review is as to the sufficiency of the complaint, it should be printed in the abstract.

2. EQUITY—PARTNERSHIP AFFAIRS.
All matters pertaining to the settlement of partnership affairs are peculiarly and specially cognizable in a court of equity.

3. PARTNERSHIP—DISSOLUTION.
The withdrawal of a partner from a firm is not necessarily a full legal dissolution of the partnership.

4. PARTITION—PARTNERSHIP ASSETS.
Chattels real, bought or constructed with partnership money for the business of the firm, are regarded as any other chattel interests pertaining to the partnership. Hence partition thereof would not be practicable.

5. PRACTICE.
If the material allegations of a complaint are sufficient to confer juris-

VOL. V—35

diction, a special prayer may be disregarded, and such relief granted as is proper under the facts shown.

*Error to the District Court of Las Animas County.*

Mr. S. S. WALLACE, for plaintiff in error.

Messrs. NORTHCUTT & FRANKS and Mr. JAMES MC-KEOUGH, for defendants in error.

REED, J., delivered the opinion of the court.

The question to be determined is whether the court erred in sustaining a demurrer to the complaint and dismissing the suit. The complaint is not copied into the abstract, but counsel kindly refer us to the record, saying : " The complaint is not lengthy, being only a little over five pages of type-written matter, and counsel especially asks this court to read the amended complaint and demurrer, as well as this abstract of the record; " and after giving us in the abstract two printed pages of synopsis of it or commentary in regard to it, says : " The foregoing is a succinct statement of the facts stated in the amended complaint."

As the sufficiency of the complaint was the only question decided in the lower court, and to be reviewed here, it would have been more satisfactory, and in harmony with the practice, to have printed the complaint in the abstract, and his conclusions in regard to it in his printed argument.

No decision can be intelligible without giving a full copy of the complaint. It is as follows :

" The plaintiff, by way of amending his complaint, alleges :

" 1st. That on or about the first day of September, A. D. 1889, the plaintiff and defendants formed a partnership for the purpose of conducting a mercantile business under the name and style of R. Nicoli; plaintiff and G. Aiello, the defendant of that name, being silent partners in said firm.

" 2d. That under and pursuant to the agreement form-

ing said copartnership, the parties hereto and plaintiff were each to contribute one third of the capital of said copartnership; should each contribute their time, labor and services in conducting said business, and were to share by thirds in profits and losses if any.

"3d. That plaintiff contributed in all in money to the capital of said partnership the sum of fourteen hundred dollars; defendants contributed each about twelve hundred dollars.

"4th. That in order to carry out the purposes of said copartnership, it became and was necessary for the plaintiff and defendants to erect, build and construct, on the lands hereinafter described, which lands were then and now open unoccupied lands, belonging to the United States, store buildings and other houses thereon; that they did erect, build and construct on said lands one store building, one saloon building, one barn and kitchen, and other outbuildings, with their joint labor and money; that said buildings are of a value of about two thousand five hundred dollars; that as soon as the said buildings were completed they began business therein.

"5th. That said buildings were built upon, as plaintiff is informed and believes, and on said information and belief so states the fact to be, the southeast quarter of the northwest quarter of section 19, township 31 south, of range 64 west, of 6th principal meridian, in Las Animas county, Colorado, or upon the northeast quarter of northwest quarter, section 19, aforesaid; that at the time of beginning the erection of said buildings, and up to the day of the dissolution of said firm, defendants and plaintiff were in the occupancy, use and possession of said premises as tenants in common of each and all of said buildings, and were the owners thereof; that after the dissolution of said firm, the defendants have been in the occupancy, use and possession thereof, as co-owners and tenants in common thereof with plaintiff, occupying the same under an agreement then and there made, to pay plaintiff, as rent for his one third interest in said buildings and premises,

ten dollars per month as rents thereof; that plaintiff and defendants still own said buildings, as copartnership property, together with the possessory right to the lands upon which they are situated; that they have never divided or separated their interest therein, and the same is undivided partnership property.

"6th. That on or about the first day of August, 1891, the parties plaintiff and defendants by consent dissolved the partnership above mentioned, so far as the goods, wares and merchandise belong thereto, and so far as the bills receivable and debts of said firm was concerned, under a special agreement then made; that defendants were to take the goods, wares and merchandise, and bills receivable, and to use the same as a special fund for the purpose of paying off and discharging all the debts of said firm; and that they were also to hold and use said goods, wares and merchandise, and bills receivable, as a special fund in trust to pay off, satisfy and discharge all debts of said firm, as well as to raise and pay plaintiff the sum of $175, which the parties at said dissolution agreed to pay plaintiff out of proceeds of sale thereof, as well as to pay plaintiff out of bills receivable, and which were held by them as a special trust fund out of which to pay him one third of all sums so to be collected by them, and all debts of said firm.

"7th. That at an attempt of an accounting made at the time of dissolution, it was estimated that the firm were the owners of goods, wares and merchandise of the value of $4,305.64; that there were bills receivable of the nominal or real value of about $3,834.45; that the buildings belonging to said firm were worth about $2,500.

"8th. That thereupon plaintiff retired from said firm, upon the consideration hereinbefore mentioned and hereinafter stated; the defendants agreeing to use the goods, wares and merchandise, as well as the bills receivable, as a special fund in trust to pay off, out of all moneys derived or to be derived therefrom, all debts of said firm, and to pay off the plaintiff's $175 above mentioned, and also one third of all

amounts received from collections made from bills receivable to plaintiff.

" 9th. That defendants have not paid plaintiff the sum of $175 out of proceeds of sales of the goods, wares and merchandise, as agreed to be done, or in any other manner whatever, or any part thereof, although they have sold in due course of business, as plaintiff is informed and believes, and on such information and belief states the facts to be, a larger part if not all the goods, wares and merchandise, realizing large sums of money therefrom in cash.

" That defendants have in all paid plaintiff, out of money collected from bills receivable, only the sum of $450, although of the $3,834.45 of bills receivable plaintiff is informed and believes, and on such information and belief states the fact to be, that they have collected a large amount thereof, amounting in all to the sum of $3,000 ; that no other part of said bills receivable so collected by defendants has been paid to plaintiff, except the said sum of $450 ; that all the balance thereof is due and unpaid.

" That of the debts and bills payable by said firm, amounting to $4,429.92, plaintiff is unable to state whether any or all of said debts have been paid, or whether the same have been otherwise discharged by defendants ; that of the rents agreed to be paid plaintiff for his undivided one third interest in the buildings aforesaid, of $10.00 per month, no part thereof has been paid ; that there is due plaintiff therefor $10.00 per month from date of dissolution of said firm.

" 10th. Plaintiff further says defendants utterly decline to state any account of sales of goods, wares and merchandise made by them, and utterly refuse to state any account of moneys received from collections from bills receivable due said late firm.

" That they deny plaintiff any access to the books of said firm, so as to enable him to determine how much of the debts of the late firm they have paid off, if any, and also to enable plaintiff to determine how much and what part of bills receivable they have collected, if any.

"That defendants deny plaintiff's ownership of one third undivided interest in the buildings aforesaid mentioned, or any part thereof, and wholly refuse to pay plaintiff any rent therefor, or to agree to any sale or division thereof or the proceeds thereof.

"Wherefore plaintiff prays judgment:

"1st. That his right to one third undivided interest in and to the buildings aforesaid, and the possessory rights of plaintiff and defendants in said buildings, and the grounds upon which they stand, may be established, and for a sale and partition thereof, or the proceeds thereof between the parties thereto.

"2d. For the sum of $100 rents due for use and occupation of said buildings, or $10.00 per month since the dissolution of said firm.

"3d. For the sum of $175, due as aforesaid; for a lien on any goods, wares and merchandise of said late firm now remaining.

"4th. For judgment for one third of any sum found due plaintiff, or any accounting of collections made by defendants of bills receivable due said late firm.

"5th. For judgment for an accounting, between the parties hereto, of all matters in controversy.

"6th. For a decree of this court, enforcing plaintiff's and creditors' rights, if any, to the goods, wares and merchandise, and bills receivable, or to the proceeds thereof in defendant's hands, or for judgment for any amount due plaintiff.

"For such other further and general relief as may be according to equity and good conscience, or according to law."

The following is a copy of the demurrer filed:

"First. He seeks to partition certain premises described in said complaint, between the plaintiff and the defendants, upon the ground the said real estate is copartnership property, when it is alleged in said complaint that said copartnership was dissolved, and that an accounting had been taken between the plaintiff and defendants, and it is alleged in said

complaint that a copartnership no longer exists, nor is there grounds upon which an accounting can be had between the plaintiff and defendants.

"*Secondly.* The plaintiff seeks, by his complaint, to recover the sum of $175 upon an express promise by the defendants in their individual capacity.

"*Thirdly.* The plaintiff seeks to recover the sum of $10.00 per month for rent, from the date of dissolution of said copartnership, upon the express promise of defendants to pay said sum.

"Wherefore, defendants allege that all of said causes have been improperly joined in the cause of action set out in the complaint of plaintiff."

In the solution of the question presented we get very little aid from the argument of counsel for the defendants. It is an elaborate and well written presentation of their views and conclusions, but not fortified by authorities in support of the judgment, except as sustaining the following proposition: " A complaint against two, which shows a liability, partly joint and partly several, is fatally defective;" and several authorities are cited, which I have carefully examined, and I am at a loss to understand their application in this case. Sec. 70 of the Civil Code, cited and relied upon, is:

" The plaintiff may unite several causes of action in the same complaint, when they all arise out of any one of the following named classes: *provided*, they affect all of the same parties, both plaintiff and defendant, and affect them in the same character and capacity , *and provided*, they do not require different places of trial, to wit:" * * * After enumerating many causes of action that may be joined, at the close of the last paragraph of the section it is said: " And in all cases it shall be necessary to state separately in the complaint the different causes for which the action was brought *and* in all cases equitable relief may be granted." By the first section of the code, the distinction between actions at law and suits in equity is abolished, and only one form of action allowed.

" which shall be the same at law and in equity." Contrary
to the spirit and intention of the Civil Code, and the construc-
tion it has so often received in this and other states, the con-
tention of defendants' counsel is that the suit should have
been split up into suits of equity and actions of law, some of
which should have been against both defendants jointly, and
some against them individually.

The complaint is, perhaps, in some respects, rather inarti-
ficially drawn, but the demurrer is not so drawn as to reach
the technical objections that appear upon the face. It clearly
appears from the complaint that the plaintiff and defendants
had been equal partners in some kind of mercantile busi-
ness; that each had contributed a portion of the capital;
that for the purpose of carrying on the partnership business,
the firm entered upon public lands of the United States, and
erected buildings and made improvements of the value of
$2,500 ; that the 1st of August, 1891, the plaintiff withdrew
from the firm ; that an estimate was made of assets and lia-
bilities of the firm, in addition to the buildings and improve-
ments above mentioned ; the stock of goods on hand was
estimated at $4,305.64, bills receivable of the nominal value
of $3,834.45, and that the debts of the firm amounted to
$4,429.92 ; defendants were to continue in business, and,
upon plaintiff's withdrawal, took the entire stock of goods
and bills receivable, remained in the possession and occupa-
tion of the buildings, were to pay the entire indebtedness of
the firm, to pay from the sales or proceeds of goods $175 to
the plaintiff, and pay him one third of all moneys collected
from bills receivable, and $10.00 per month rent for his one
third of the buildings ; that he had received from proceeds
of bills receivable only $450, and nothing for rent. It does
not appear that any steps had been taken to secure a title
from the government of the United States to the land upon
which the buildings and improvements had been made; con-
sequently there was no title of land only by possession or
occupation. Hence the buildings and improvements were
chattels as well as partnership assets.

I see no good reason why the complaint may not be regarded as sufficient, under the facts stated, and to be a bill for discovery, accounting, and the winding up of partnership affairs.

That all matters pertaining to the settlement of partnership affairs are peculiarly and specially cognizable in a court of equity is too well established to need authorities in its support. The jurisdiction is exclusive in such affairs. Pom. Eq. Juris., sec. 1421.

The withdrawal of a partner from a firm is not necessarily a full legal dissolution, and was not such in this case as to relieve the defendants from the mutual agency existing by reason of the copartnership. They remained the agents or trustees to settle the partnership affairs, and account to the plaintiff in conformity with their agreement. Failing to do so, plaintiff is entitled to an accounting and a full settlement of partnership affairs. *Ketchum v. Durkee*, Hoff. Ch. (N. Y.) 538; *Robb v. Stevens*, Clarke's Ch. (N. Y.) 191; *Kinsler v. McCants*, 4 Rich. (S. C.) 46.

Court and counsel appear to have misapprehended the seventh paragraph of the complaint, in regarding it as an allegation of a statement and an account stated. The language is: " That at an attempt of an accounting, made at the time of the dissolution, *it was estimated*," etc. The language used is perhaps unfortunate, but it is clear from it, as well as the balance of the complaint, that there was, and could have been, no final settlement. The amount to be received by the plaintiff depended upon too many contingencies, notably the amount that might be collected from bills receivable.

Had there been, as supposed, a settlement in full, and a purchase of plaintiff's interest by the defendants, so that the action should have been at law instead of equity, the amount must have been definitely fixed, payable absolutely, and not dependent upon the outcome of partnership assets.

In the prayer for relief it is asked that the court decree a partition of the buildings and possessory rights to the land, or that there be a sale of the same and the proceeds divided.

The latter course should be pursued—*first*, from the fact as shown the title to the land is only possessory, while the fee is in the government of the United States; *second*, although such interests are chattels real, having been bought or constructed with partnership money for the business of the firm, they can, legally, only be regarded as any other chattel interests pertaining to the partnership,—as business assets of the firm. Hence partition would not be correct or practicable. But such misapprehension on the part of counsel in regard to the real character of such property cannot prejudice the case. Occurring in the prayer, it cannot be reached by the demurrer, the well settled rule being that if the material allegations of the complaint are sufficient to confer jurisdiction, the special prayer may be disregarded, and such relief granted as is proper under the facts shown.

We conclude that the court erred in sustaining the demurrer and dismissing the suit. The judgment will be reversed, and cause remanded for further proceedings in accordance with the views here expressed.

*Reversed.*