No. 19,687.

JOHN WILLIAM DAVIS *v.* LEONA BLANCHE DAVIS.
(366 P. [2d] 857)

Decided December 18, 1961.   Rehearing denied January 15, 1962.

1

Mr. ROBERT L. McDOUGAL, Mr. JOSEPH G. STUDHOLME, for plaintiff in error.

Mr. HAROLD A. FEDER, Mr. LELAND S. HUTTNER, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THE parties are here in the same order as they appeared in the trial court and will be referred to as they there appeared.

The action concerns a partnership dissolution proceeding in which the trial court ordered that the partnership personalty and realty be sold at a public sale and the proceeds distributed equally between the parties after payment of expenses and debts. Plaintiff husband takes exception to this order and seeks relief by writ of error in this court.

The parties, husband and wife, formed a family partnership and engaged in the power tool rental business under

the trade name of Davis Power Tools. Friction developed between them and in July 1958 plaintiff filed a complaint for an accounting and dissolution of the partnership. He asked that a receiver be appointed to inventory and prepare the business for sale. The defendant acquiesced in such action, alleging that the parties were unable to agree privately on an equitable distribution procedure and that a divorce action was pending between them.

The court appointed a receiver to run the business and to make the necessary inventory and appraisal, and then to sell the property at a public sale if the parties were unable to secure a purchaser. The partnership property, both realty and personalty, are subject to a deed of trust and a mortgage respectively for a substantial sum and also to a tax lien. After the above order of court was entered, plaintiff moved for a rehearing on the grounds that a public sale would be detrimental to the interests of both parties, and requested that the tools and equipment be distributed in kind between the parties. Finally, on September 1, 1960, the parties entered into a written dissolution agreement which provided in pertinent part:

"That within ten days from the consumation of the sale of said building, the parties shall commence to equally divide the tools and supplies. That in the event the parties within twenty days of said sale cannot agree as to an equitable distribution of said tools and supplies, the Court shall immediately ask the receiver to appoint a commissioner to divide said tools without any assistance or interference of either party."

The trial court approved the agreement and retained jurisdiction pending sale. It also ordered that the parties' attorneys prepare a brochure on the property and utilize commercial real estate concerns to try and sell the property within sixty days from the date of the agreement. Efforts to sell the realty proved futile; consequently, after the expiration of the sixty day period, the court

ordered that the entire business, both realty and personalty, be sold at a public sale with the bids subject to court approval. Plaintiff then moved for a rehearing and an alteration of the order, requesting that the tools and equipment be divided equally. This motion was denied and plaintiff obtained a supersedeas staying the order of sale until the determination of this writ of error.

Plaintiff's argument that the trial court erred in not allowing the parties an additional period of time in which to sell the realty and divide the tools and supplies can be summarized as follows: (1) the order of sale is in violation of the agreement of September 1, 1960; (2) the order of sale is inequitable because plaintiff desires to continue in the power tool business but is unable to obtain financing with which to purchase the necessary equipment, while defendant can obtain sufficient financing commitments to enable her to buy the entire business at the public sale.

▮ Plaintiff's first contention that the order is in violation of the dissolution agreement can be disposed of by a brief examination of the agreement itself. It was expressly provided that the attorneys of the parties were to circulate an offering price among the various real estate concerns and make every reasonable effort to consummate a sale within the sixty day period, and *"within ten days from the consummation of the sale of said building, the parties shall commence to equally divide the tools and supplies."* This language clearly contemplates that the sale of the building is a condition precedent to the division of the tools and supplies. There is nothing in the agreement which indicates otherwise. It must be remembered that it is the court's function to pass upon the rights of the parties as it finds them in the agreement. *Matson v. White,* 122 Colo. 79, 220 P. (2d) 864 (1950). In this case the unsuccessful attempt to sell the realty during the sixty day period constituted a failure of condition precedent. This failure of condition rendered the provision regarding distribution of tools

and supplies nugatory. *Murley v. Ennis,* 2 Colo. 300 (1874). Therefore the trial court was free to choose any reasonable method which would effectuate the dissolution and winding up of the partnership business.

▪ It is a general rule that in an action for a partnership accounting and dissolution the entire partnership property will be converted into cash. For example see *Weissman v. Henkin,* 154 Pa. Super. 12, 34 A. (2d) 907 (1943); *Leyhe v. McNamara,* 243 S.W. 1074 (Tex. 1922); 2 *Rowley on Partnership,* §47.15 (2d ed. 1960). The rule is especially applicable when there are partnership debts; in fact, at least one court has stated that a partition of partnership property can only be made when there are no partnership debts owing to third parties. *Swarthout v. Gentry,* 62 Cal. App. (2d) 68, 144 P. (2d) 38. This rule of sale and distribution was applied in *Tarabino v. Nicoli,* 5 Colo. App. 545, 39 Pac. 362 (1895) when it was impracticable to divide the business property. C.R.S. '53, 104-1-38, embodies the essence of the same rule by providing that in cases of dissolution, unless otherwise agreed, each partner as against the other partners may have the partnership property applied to discharge partnership liabilities, and the surplus applied to a cash payment of any amount owing to the respective partners.

▪ A sale of partnership property provides the best method not only of determining the value of the property, but also of discharging existing partnership indebtedness and precisely settling the account of the partners out of the surplus. This is not to say that it is the only method to be followed in a distribution proceeding. On the contrary, in some circumstances a division, rather than a sale, of the partnership property has been upheld as within the discretion of the court. *Ruggles v. Buckley,* 158 Fed. 950 (1908).

With the above principles in mind we see no reason to disturb the order of sale by the trial court.

The record discloses that plaintiff is unfortunately afflicted with a chronic arthritic condition and is alleged-

ly unable to obtain financing with which to buy the tools and equipment necessary for him to continue in the power tool business. On the other hand it appears that defendant can probably obtain sufficient financing to enable her to continue in the business. While we sympathize with plaintiff's predicament, this in itself cannot constitute a valid reason to reverse the trial court's determination.

There is adequate evidence in the record to justify the court's ordering the sale of the entire partnership property.

Judgment affirmed.

MR. JUSTICE MOORE and MR. JUSTICE FRANTZ concur.