Argued and submitted July 18, affirmed October 13, 1980

MEURET,
*Respondent,*
*v.*
MEURET,
*Appellant.*

(No. 6874, CA 16276)

617 P2d 918

James H. Phelps, Madras, argued the cause for appellant. With him on the briefs was Phelps & Sumner, Madras.

David C. Glenn, Madras, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

Plaintiff petitioned for dissolution of a partnership and to settle all accounts between the partners. The petition was filed on June 21, 1978. The partnership was dissolved pursuant to a consent decree and an accounting was ordered prepared by an independent accountant. Following the filing of the accounting, a hearing was held on the objections to the accounting. The court entered a decree dissolving the partnership as of December 31, 1977, and ordered the partnership assets liquidated within one year. The decree denied defendant interest on his share of the capital account. Defendant appeals contending that the date of dissolution should be the date of the consent decree dissolving the partnership; that he is entitled to interest on his capital account until it is paid; and that a liability in the form of a bank note incurred after the entry of the consent decree was improperly included in the accounting.

Plaintiff, father, and defendant, son, entered into an oral partnership agreement in 1961 to produce and repair certain types of agricultural equipment under the name of Meuret Pump and Plow Works. Sometime in 1977 there was a breakdown in communications between the partners, stemming principally from defendant's misappropriation of partnership funds. In addition to monies misappropriated for other purposes, defendant had utilized money from the partnership to purchase and maintain a farm which was to be operated by defendant in partnership with another person. Although plaintiff claimed he was unaware that the farm was being purchased and operated with partnership funds, the court found, and we concur in the finding, that he was ultimately aware of the purchase and signed checks on the partnership accounts to provide operating capital and expenses for the farming operation. Although aware partnership funds were being used on the farm, plaintiff was not aware of the amounts defendant had applied to the farm until the accounting was filed in this proceedings. The amount totaled approximately $146,000. Plaintiff was in the

process of negotiating repayment of the monies utilized to purchase and operate the farm by defendant's partner in the farming enterprise. The court held the monies to be paid were a receivable of the partnership. That ruling is not contested on appeal.

The court determined defendant had misappropriated approximately $21,000, which would be deducted from his capital account in the final accounting. That holding is not challenged on appeal.

During the latter part of 1977, defendant essentially ceased functioning as a partner. He told the company's bookkeeper that he would not sign the partnership tax returns for 1977. No tax returns for that year or 1978 have been filed. Sometime in 1977, defendant told a third party he was no longer a partner. He set up a competing business and there is evidence from which we infer he appropriated partnership design drawings and blueprints for his new business. In February, 1978, defendant was sentenced to a term of incarceration in the county jail for a crime apparently unrelated to his activities as a partner.

■■ Defendant's first contention is that the date of dissolution should be the date of the entry of the consent decree dated September 8, 1978. This being an oral partnership the dissolution and termination is governed by the Uniform Partnership Act, ORS chapter 68. An oral partnership agreement which specifies no termination date is a partnership at will which may be dissolved, without violation of the partnership agreement, by the express will of any partner. ORS 68.530. Dissolution may be accomplished by notice to the other partner. No particular form of notice is required. Notice of termination may be implied from the circumstances which are inconsistent with continuation of the partnership. *Timmermann v. Timmermann,* 272 Or 613, 538 P2d 1254 (1975).

■ The consent decree provided the partnership was dissolved but provided no precise date for dissolution. We concur with the trial court's finding that the partnerhsip was dissolved by December 31, 1977. The

principal value of the partnership was the design and manufacturing abilities of the two partners and their intense involvement in producing and selling the unique products. In the latter part of 1977, defendant ceased involvement in the business and began utilizing partnership funds for his own personal endeavors, a competing business and to purchase and operate a farm in partnership with another individual. He indicated to the company bookkeeper and to third parties he was no longer a partner. His involvement in the criminal justice system and his subsequent incarceration effectively made him unavailable to assist in carrying on the business of the partnership.

■　　　Defendant's second contention is that he is entitled to interest on the deferred payment of his capital account. The court gave two reasons for denying interest:　that defendant's share could not be determined until the monies expended for the farm were repaid; and that the necessity for dissolution and the problems associated with accounting and termination were due to defendant's deceit. Defendant argues that under ORS 68.640 he is entitled to interest on his capital account or the profits attributable to the use of his partnership property. Plaintiff contends that dissolution was made necessary by defendant's deceit and the violation of the fiduciary duty owed by partners to each other. Because, plaintiff argues, defendant violated his fiduciary duty, a court of equity can penalize him by decreeing he is not entitled to interest or profits.

ORS 68.640[1] applies when a partner retires or dies and the business is continued as set forth in

---

[1] ORS 68.640 provides:

"When any partner retires or dies, and the business is continued under any of the conditions set forth in subsection (1), (2), (3), (5) or (6) of ORS 68.630, or paragraph (b) of subsection (2) of ORS 68.600, without any settlement of accounts as between him or his estate and the person or partnership continuing the business, unless otherwise agreed, he or his legal representative as against such persons or partnership may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with

particular subsections of ORS 68.630 and ORS 68.600. In this case the business was continued only for the purposes of winding up the partnership and terminating it by liquidation. Upon liquidation the net assets would be divided according to the capital accounts of the two partners as of the date of dissolution. Neither partner should be required to pay the other interest on the capital accounts upon termination of the partnership. The profits, losses and receipts will be taken into consideration in the final accounting upon liquidation. Denial of interest or profits to defendant was proper.

■ Defendant's final contention is that a $20,000 liability, in the form of a bank note incurred after the entry of the decree of dissolution, should not be included in the accounting. He contends that after dissolution a debt incurred by the nonwithdrawing partner is the sole responsibility of that partner. The court ordered that the business continue for one year in order that a more advantageous liquidation could be effected. This required the plaintiff to operate the business by filling orders in progress and any new orders which were obtained during the winding up process. The loan proceeds were used by plaintiff to pay current liabilities incurred following the decree of dissolution. The partnership does not terminate on dissolution. That event merely specifies the point in time when a partner ceases to be associated in carrying on the business. Winding up of the partnership occurs following dissolution and the partnership is finally terminated when the business assets are liquidated and the liabilities disposed of. During the winding up process the business continues and of necessity incurs liabilities and may produce income. ORS 68.520; *Timmermann v. Timmerman, supra.* The

interest, or, at his option or at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership; provided that the creditors of the dissolved partnership as against the separate creditors, or the representative of the retired or deceased partner, shall have priority on any claim arising under this section, as provided by subsection (8) of ORS 68.630."

liabilities must ultimately be paid whether from income as it is produced or from the capital accounts of the partners. Payment of partnership liabilities from the proceeds of a loan which in turn is repaid from partnership receipts or from the capital accounts, accomplishes the same result. The partner continuing the business of the partnership during the winding up phase after dissolution can bind the partnership to affect the winding up of the business. ORS 68.570. The bank note was properly included in the accounting as a partnership liability.

Affirmed.