In re VICTORY PIPE CRAFTSMEN, INC., Debtor.

**Bankruptcy No. 80 B 11111.**

United States Bankruptcy Court, N. D. Illinois, E. D.

July 16, 1981.

See also, Bkrtcy., 8 B.R. 635.

Rotman, Medansky & Elovitz, Ltd., Chicago, Ill., for debtor.

Swanson, Ross, Hanfling & Block, Chicago, Ill., for 308 W. Randolph Building Venture.

## ORDER

ROBERT L. EISEN, Bankruptcy Judge.

Debtor's motion seeks leave to hire an appraiser to ascertain the value of the real estate located at 308 West Randolph Street, Chicago, Illinois. The motion states that:

"1) It is the intent of the debtor to petition this Court for leave to sell the 308 West Randolph premises." The sale would be pursuant to 11 U.S.C. § 363(h). An unsecured creditor, Sears Bank and Trust Company, supports debtor's application. The owner of the premises, a partnership called 308 West Randolph Building Venture (Venture), vehemently opposes debtor's application. Debtor's motion and application is denied for the following reasons.

Debtor contends that this court has previously found that debtor is a partner in the Venture and therefore the Venture is collaterally estopped from now denying that fact. Venture previously filed a complaint to modify the stay against debtor and this court in *In re Victory Pipe Craftsmen, Inc.*, 8 B.R. 635 (Bkrtcy.N.D.Ill., 1981) modified the stay so that Venture could proceed in state court on its forcible entry and detainer action. In that opinion, this court stated that "...plaintiff (Venture) and defendant-debtor are partners in a joint venture (308 West Randolph Building Venture)." This court hereby holds that the above-quoted statement is dicta and not binding on the parties. For a court finding to have collateral estoppel effect, the issue must have been essential to the judgment and actually litigated. The sole issue in the previous case was whether or not there was a lease between the parties. Debtor had contended that the partnership agreement granted debtor a proprietary interest in the premises. This court, in its previous order, *supra*, held that "debtor's contention that the partnership agreement grants debtor a proprietary interest in the premises is without merit." The issue of whether or not debtor and Venture-were partners was not actually litigated nor was its determination essential to the central issue of whether or not there was a lease between the parties. Debtor cannot claim it is a partner in 308 West Randolph Building Venture based on this court's previous order.

The 308 West Randolph Building Venture partnership agreement was made between Mitch, A-S, and Victory Pipe Craftsmen. Section 1.2 states that: "Victo-

ry Pipe Craftsmen are three individuals...considered as one for purposes of the ownership of the Partnership interest." Section 8.1 states that "...no partner shall have the right to sell, transfer, assign or pledge...his share or interest in the partnership...without first obtaining the prior written consent of 66⅔% in interest and not in number of the Partners." An Illinois statute also provides that: "No person can become a member of a partnership without the consent of all the parties." S.H.A. ch. 106½, § 18(g). The debtor corporation has no interest in the partnership because Victory Pipe Craftsmen never transferred its interest in the partnership to debtor in accordance with the agreement or Illinois law. Moreover, the debtor's schedule of assets shows it owns no real property, a one-third interest in a partnership is nowhere listed as an asset, and the schedules only state that debtor has a "leasehold" interest in 308 West Randolph.

The equities herein do not favor debtor since one who seeks equity must do equity. Debtor has chosen to operate in the corporate form with all its attendant advantages and disadvantages. Debtor's schedules list corporate assets and liabilities. If the individual shareholders of the debtor-corporation wish to subject their personal assets to the jurisdiction of this court, they may file petitions and have their estates jointly administered with the corporate estate.

Finally, even if this court found that debtor was a partner in the Venture, it would appear that debtor could not sell the property pursuant to 11 U.S.C. § 363 in light of the Illinois Supreme Court's opinion in *Lueth v. Goodknecht*, 345 Ill. 197, 177 N.E. 690 (1931) which held that "The interests of the partners in firm property is neither that of joint tenants nor of tenants in common." Section 363(h) provides for sales of co-owners interest only where such property consists of "an undivided interest as a tenant in common, joint tenant or tenant by the entirety", indicating *Lueth* is directly in point.

WHEREFORE, the motion of debtor to hire an appraiser hereby is denied.