**MASTER GARAGE, INC.,**
**Plaintiff-Appellant and**
**Cross-Appellee,**

v.

**Mildred BUGDANOWITZ, Robert Bugdanowitz, and Raebern Associates, Defendants-Appellees and Cross-Appellants.**

**No. 82CA0061.**

Colorado Court of Appeals,
Div. III.

April 12, 1984.

Rehearing Denied May 10, 1984.

Certiorari Denied Nov. 5, 1984.

Pferdesteller, Vondy, Horton & Coren, P.C., A.M. Coren, James R. Horton, Denver, for plaintiff-appellant and cross-appellee.

Fishman, Gersh & Bursiek, P.C., Miles M. Gersh, Denver, for defendants-appellees and cross-appellants.

METZGER, Judge.

Plaintiff, Master Garage, Inc., appeals the trial court's denial of its claim seeking judicial dissolution of Raebern Associates, a partnership consisting of plaintiff, acting through Bernard Blecker (Blecker), its president and sole shareholder, and Mildred and Robert Bugdanowitz, Blecker's sister and brother-in-law (defendants). Plaintiff also appeals the granting of the defendants' counterclaim for leave to buy out its partnership interest, and contests the date set by the court for the valuation of that interest. On cross-appeal, the defendants challenge the denial of their counterclaim for breach of fiduciary duty. We affirm.

In 1970 the late Irving Blecker, father of Bernard and Mildred, formed Raebern Associates, a partnership, consisting of himself, plaintiff, and defendants, to hold, operate, and lease a building and land in downtown Denver. The partnership agreement provided that voluntary dissolution would require agreement by the owners of at least a two-thirds interest. Upon Irving Blecker's death in 1977, plaintiff and defendants each had a 50 percent interest in the partnership.

Shortly thereafter, during an unrelated dispute over settlement of Irving Blecker's estate, business and personal relations between Blecker and defendants began to disintegrate. In 1978 the lease on the downtown property expired and the tenants vacated. Blecker stated several times he would have no further dealings with defendants, and commented that, as far as he was concerned, the building could "rot." Meanwhile, the building fell into disrepair and a potential tenant was turned away. By the time of trial, the building had been empty for three years, but the value of the property had risen significantly.

On June 25, 1979, plaintiff filed this action under § 7–60–132(1)(d), C.R.S., alleging deadlock among the parties and seeking to dissolve Raebern Associates and to partition its assets. Defendants counterclaimed, alleging plaintiff had breached its fiduciary duty pursuant to § 7–60–138, C.R.S., in refusing to sign a proposed lease

and in not cooperating in making repairs. In a two-day trial to the court extensive evidence was presented.

The court denied plaintiff's request for judicial dissolution of the partnership and for partition, and granted defendants' counterclaim, finding that Blecker's refusal to continue to do business with defendants contravened the partnership agreement and constituted a dissolution. *See* § 7–60–131(1)(b) C.R.S. (1983 Cum.Supp.). Defendants' counterclaim for breach of fiduciary duty was denied. After a subsequent hearing, the trial court fixed June 25, 1979, the date plaintiff's complaint was filed, as the date of dissolution, and determined the property's valuation as of that date. *See* § 7–60–138(2)(b) and (c)(II), C.R.S.

### I.

Plaintiff's contentions that the trial court erred in denying a judicial dissolution of the partnership and in finding that it had caused a dissolution of the partnership are essentially a challenge to the sufficiency of the evidence adduced at trial.

■ Plaintiff argues that the evidence supports its contention that it was an innocent party to a deadlock wrongfully caused by defendants. *See* § 7–60–131(1)(f), C.R.S. (1983 Cum.Supp.). Had the trial court adopted plaintiff's theory, the partnership property would have had to be sold and the proceeds therefrom distributed. *See* § 7–60–140, C.R.S.; *see also Davis v. Davis*, 149 Colo. 1, 366 P.2d 857 (1962).

However, the trial court refused to grant this relief, holding instead that plaintiff's actions:

"caused a ... dissolution of the partnership and contravention of the Partnership Agreement, thus, entitling the defendants to continue the business upon payment to the plaintiff of the value of his interest." *See* § 7–60–138(2)(b), C.R.S.

The trial court specifically found that plaintiff's actions constituted the sole reason for the partnership's inability to perform and that, while defendants admitted to some differences with plaintiff, the partnership could be carried on had it not been for plaintiff's refusal to do so.

The trial court's action parallels the rule adopted in *Gertz v. Fontecchio*, 331 Mich. 165, 49 N.W.2d 121 (1951) and in *Clark v. Allen*, 215 Or. 403, 333 P.2d 1100 (1959). In those cases it was held that, in the absence of substantial misconduct on a defendant partner's part, a partner-plaintiff should not be permitted to defeat the defendant partner's rights by the simple expedient of bringing suit.

■ Here, the trial court found that plaintiff failed to meet its burden of proving that any factors contained in § 7–60–132, C.R.S. existed. Rather, the court concluded that the evidence showed that the dissolution was caused by the plaintiff. Our review of the record convinces us that it amply supports the trial court's findings, and we will not disturb those findings on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979). Further, we conclude that the trial court correctly applied the law. *See Cooper v. Isaacs*, 448 F.2d 1202 (D.C. Cir.1971).

### II.

Plaintiff asserts that the trial court erred in determining that June 25, 1979, the date it filed its action for judicial dissolution of the partnership, was the date for valuation of its partnership interest pursuant to § 7–60–138, C.R.S. It contends that the trial court should have selected June 25, 1981, the date of its judgment. We disagree.

Dissolution of a partnership is "the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business." Section 7–60–129, C.R.S.

■ The record here is replete with Blecker's statements of unwillingness to participate in the partnership in any meaningful way, and many of these statements were made prior to June 25, 1979, when plaintiff filed this action. However, by the filing of the action, plaintiff evidenced its intent to go far beyond Blecker's words; it was the final act by which plaintiff ceased

to be associated in the carrying on of the partnership business. Where, as here, there is evidence of acts by one partner repudiating the partnership relationship, culminating in that partner filing suit for dissolution, there is no error in fixing the date of filing suit as the date of dissolution. *Clark v. Allen, supra; Meuret v. Meuret,* 48 Or.App. 701, 617 P.2d 918 (1980).

### III.

Defendants cross-appeal, asserting that the trial court erred in dismissing their counterclaim for damages for breach of fiduciary duty. In effect, the trial court found that no damages were established to support this counterclaim, and that plaintiff's action constituted a business judgment. The evidence and findings support the trial court's ruling on that issue, and thus, we may not disturb it on review. *Linley v. Hanson,* 173 Colo. 239, 477 P.2d 453 (1970).

The judgment is affirmed.

VAN CISE and STERNBERG, JJ., concur.