Argued and submitted June 24, 1985, reversed and remanded January 29, 1986

## VALLIERE et ux,
*Appellants,*

*v.*

## STAFFORD et ux,
*Respondents.*

(A8105-02616; CA A29097 & A32349)
(Cases consolidated)

713 P2d 668

Richard A. Hayden, Portland, argued the cause for appellants. On the briefs was Robert L. Kirkman, Portland.

Douglas B. Gordon, Portland, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs appeal from two trial court judgments[1] in this proceeding to dissolve their partnership with defendants as People's Motorcycle Market. The partnership was dissolved on April 15, 1981, apparently consensually and, the parties stipulated, not because of "misconduct" on either of their parts. Plaintiffs instituted this proceeding on May 1, 1981. The trial court's April, 1983, judgment required the partnership business to be continued and listed for sale as an ongoing business, but provided:

> "In the event that the same is not sold by September 1, 1983, then the receiver as hereinafter appointed shall liquidate the assets of the partnership."

The judgment provided for an equal distribution of the partnership assets between plaintiffs and defendants and did not accord defendants the creditor status, which they sought pursuant to ORS 68.640.[2]

During the proceedings, plaintiffs continued to operate the business and did so after the April, 1983, judgment as employes of the appointed receiver. Because of unharmonious relationships between them and the receiver, plaintiffs terminated their employment. The court appointed a new receiver, but plaintiffs did not resume their involvement in the business. Instead, they started a new motorcycle business. Defendants then filed a motion for supplemental relief. The trial

---

[1] Plaintiffs filed separate notices of appeal from the court's "Supplemental Decree and Orders" of July 6, 1983, and from its final "Order and Judgment" of March 6, 1984. The earlier judgment was made final pursuant to ORCP 67B. The appeals are consolidated.

[2] ORS 68.640 provided at the relevant time:

> "When any partner retires or dies, and the business is continued under any of the conditions set forth in ORS 68.600(2)(b), or 68.630(1), (2), (3), (5) or (6), without any settlement of accounts as between him or his estate and the person or partnership continuing the business, unless otherwise agreed, he or his legal representative as against such persons or partnership may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to the value of his interest in the dissolved partnership with interest, or, at his option or at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership; provided that the creditors of the dissolved partnership as against the separate creditors, or the representative of the retired or deceased partner, shall have priority on any claim arising under this section, as provided by ORS 68.630(8)."

court found that plaintiffs had removed equipment from the partnership facility and that, "by opening a competing * * * business * * *, Plaintiffs have not acted in good faith in facilitating a sale of [the partnership business] pursuant to [the original Judgment]." The court therefore determined that plaintiffs were guilty of misconduct, and it modified the judgment to provide, *inter alia,* that defendants "shall be deemed creditors of the partnership pursuant to ORS 68.640" and that the "date of sale of the partnership as an ongoing business shall be extended to November 1, 1983." The receiver was unable to sell the business as a going concern, and he ultimately liquidated and sold the assets of the partnership.

Plaintiffs' first assignment of error is that the court lacked authority to make defendants creditors of the partnership under ORS 68.640. We agree. Defendants rely on *Wikstrom v. Davis et ux,* 211 Or 254, 315 P2d 597 (1957), and, to a lesser extent, on *Timmermann v. Timmermann,* 272 Or 613, 538 P2d 1254 (1975). Neither case is in point because, in both, the partnership business was continued without any view to liquidation by the partners who had not withdrawn or been expelled. Conversely, plaintiffs brought this action shortly after the dissolution date, and the court ordered that the business be continued only as an intermediate step in its liquidation and sale. Our decision in *Meuret v. Meuret,* 48 Or App 701, 617 P2d 918 (1980), cited by neither party, is the controlling authority. We said:

> "ORS 68.640 applies when a partner retires or dies and the business is continued as set forth in particular subsections of ORS 68.630 and ORS 68.600. In this case the business was continued only for the purposes of winding up the partnership and terminating it by liquidation. Upon liquidation the net assets would be divided according to the capital accounts of the two partners as of the date of dissolution. Neither partner should be required to pay the other interest on the capital accounts upon termination of the partnership. The profits, losses and receipts will be taken into consideration in the final accounting upon liquidation. Denial of interest or profits to defendant was proper." 48 Or App at 705-06. (Footnote omitted.)

*See also Timmermann v. Timmermann, supra,* 272 Or at 625, n 1. Similarly, creditor status cannot be conferred on a partner under ORS 68.640 when, as here, the business is continued solely for the purposes of winding up and termination.

Defendants argue:

> "The Uniform Partnership Law expressly allows this Court to apply the common law in the event it were to rule that ORS 68.640 is inapplicable. * * *"

Therefore, according to defendants, the court could make them creditors, even if they did not qualify for that status under ORS 68.640. They rely on ORS 68.050, which provides:

> "In any case not provided for in this chapter the rules of law and equity, including the law merchant, shall govern."

We attach a meaning to ORS 68.050 opposite from the interpretation defendants give it. We understand it to mean that, when a subject *is* covered by ORS chapter 68, like the subject in question, common law principles are not applicable. *Cf.* ORS 68.040(1) ("The rule that statutes in derogation of the common law are to be strictly construed shall have no application to this chapter.")

Our disposition of the first assignment of error renders some of the others moot and makes the remainder of them matters to be determined on remand.

Reversed and remanded.